**STATE of Missouri, Respondent,**

v.

**Orlando L. BRISCOE, Appellant.**

**No. WD33362.**

Missouri Court of Appeals,
Western District.

Feb. 1, 1983.

Joseph A. Morrey, Asst. Public Defender, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and KENNEDY, JJ.

CLARK, Judge.

Orlando L. Briscoe was tried before a jury and was convicted of first degree robbery. On this appeal he presents six points of alleged error including a challenge to the sufficiency of the state's evidence to support the conviction. We find the claims of error not to warrant relief and affirm the conviction.

From the state's witnesses, a jury was entitled to find that a robbery of a convenience store in St. Joseph occurred July 9, 1981 in the early morning hours. The robbers were Roy May and Efrain Gonzalez. May wielded a knife while Gonzalez aided him in stealing cash, cigarettes and whiskey. After leaving the store, May and Gonzalez ran some distance up a side street and entered a car driven by Briscoe. The car was later identified as belonging to Gonzalez.

Soon after the robbery, the vehicle driven by Briscoe and occupied by May and Gonzalez was stopped for speeding and the officer, having information as to the robbery, arrested Briscoe and his companions as suspects. Recovered from the car were the whiskey and cigarettes taken from the store, a knife and a police scanner radio.

In his defense, Briscoe testified that he had earlier accepted a ride from Gonzalez and had acceded to Gonzalez's request that he drive. He disclaimed any knowledge of the robbery or his participation in it and claimed that May and Gonzalez told him nothing of the contemplated crime in advance nor did they disclose to him what they had done when they returned to the car. This version of events was confirmed by Gonzalez who testified for the defense.

In his first point, Briscoe contends the court erred when it did not quash the jury panel in response to Briscoe's motion which claimed underrepresentation "due to the absence of black persons therein." No proof to support the motion was offered. Defense counsel merely asserted that the lack of any black persons on the jury was of itself indicative of systematic exclusion. It has repeatedly been held that bare asser-

tions of counsel do not suffice to show a constitutionally impermissible exclusion of an identifiable class from a jury panel. *State v. Carter*, 572 S.W.2d 430, 433 (Mo. banc 1978). One advancing such a claim must carry a heavy burden of proof to show that a distinctive group is not fairly and reasonably represented in relation to their numbers in the community and that the jury selection process is responsible for underrepresentation by reason of a scheme of systematic exclusion. *State v. Donnell*, 598 S.W.2d 569, 573 (Mo.App.1980). Having offered no proof on the subject at all, Briscoe did not make a prima facie case of discrimination and the motion was properly denied.

In two related points, Briscoe argues that errors committed by the prosecuting attorney were not cured by corrective action which the court took and that a mistrial was required. The first incident involved the police scanner recovered from the Gonzalez vehicle. The state attempted to introduce the scanner in evidence but it was excluded on objection by the defense. Briscoe claims there was no arguable basis to offer the scanner, that the offer was an intentional gambit by the prosecutor to inject prejudice and that this premise was confirmed when the prosecutor left the item on the counsel table removing it only after direction by the court to do so.

The claim made by Briscoe presents no question as to admissibility of the scanner in evidence because his objection to the exhibit was promptly sustained. He contends, rather, that the conduct was so grievous and inflammatory that the prejudice could be removed in no other way than by a mistrial. The decision to declare a mistrial rests in the discretion of the trial court and, on appeal, the question is whether, as a matter of law, the trial court abused its discretion in failing to grant a mistrial. *State v. Purnell*, 621 S.W.2d 277, 283 (Mo.1981). Here, Briscoe overstates the implications from what occurred. To introduce the exhibit, the prosecutor asked a police witness if he could identify the scanner. Before answer was made, Briscoe's objection was sustained and there was no

further reference to the scanner. Even though the scanner was in view of the jury for some time thereafter, no testimony had linked Briscoe with the scanner and it is difficult to perceive how the incident could be characterized as a serious breach sufficient to warrant a mistrial. At least, no abuse of discretion is discernable.

The second occurrence upon which mistrial was sought developed during cross-examination of Briscoe. The prosecutor asked Briscoe if, before the robbery occurred, he had asked Gonzalez "do you want to do it," referring to robbery of the convenience store. The defense objected and the prosecutor argued that the question was prompted by a statement obtained from Roy May describing the conversation. The objection was sustained and no answer was made to the question. Again, Briscoe claims the trial court abused its discretion in failing to grant a mistrial.

■ Declarations by an accused made before commission of the crime are admissible where they tend to show a contemplated purpose to commit the crime. *State v. Craft*, 299 Mo. 332, 253 S.W. 224 (1923). If the state here could establish that Briscoe discussed with his companions the contemplated robbery, a significant element of the offense would be proved. Defense counsel deemed the inquiry improper, in part because he contended the foundation evidence by Roy May could not be adduced. Apparently the trial court accepted this proposition. It does not follow, however, that a mistrial was required. There is a fundamental difference to be observed where questioning in an improper area evinces intentional violation of the rules of evidence or where counsel justifiably relies on what he believes to be the accepted rule. *State v. Williams*, 525 S.W.2d 395, 398 (Mo.App. 1975). In the latter, which was arguably the case here, the extraordinary circumstances invoking the drastic remedy of a mistrial do not ordinarily arise. Moreover, when an improper question is asked but not answered, there is generally no prejudicial error. *State v. Harvey*, 625 S.W.2d 198, 201 (Mo.App.1981). On the authorities previ-

ously cited, the trial court did not abuse its discretion in refusing a mistrial.

Briscoe next contends the trial court erred in failing to instruct the jury on "lesser included offenses" which the defendant identifies as felony stealing, misdemeanor stealing, felony assault, misdemeanor assault and speeding. Before submission of the case, there was no request by Briscoe for instruction on any of these offenses. Jury instruction was limited to first degree robbery.

■ It has long been the rule that instruction on lesser included offenses is required only where there is evidence with probative value forming a basis for acquittal of the greater offense and conviction of the lesser included offense. *State v. Hill*, 614 S.W.2d 744 (Mo.App.1981). Moreover, included offenses are those in which the greater of the two includes all the factual elements of the lesser. *State v. Neighbors*, 613 S.W.2d 143, 147 (Mo.App.1980). Minimal exposition is required to demonstrate that neither assault nor speeding is a lesser included offense of first degree robbery. All degrees of assault require proof of a specific intent to inflict injury or an inferred intent from reckless conduct. While an injury may occur during the commission of first degree robbery, the crime requires no proof of intentional injury, only the threat of a deadly weapon or dangerous instrument. Speeding, of course, requires operation of a motor vehicle. By reason of these elements, extraneous to the crime of first degree robbery, the offenses of assault and speeding are not lesser included offenses of the charge against Briscoe and he was entitled to no instruction on any of them.

■ As to the crime of stealing, the taking of property is, of course, an element of robbery. To be entitled to an instruction on stealing, however, there must have been evidence which Briscoe would contend would justify his conviction of that offense. Here there was none. The state's evidence, if believed, warranted the conclusion that Briscoe participated in the robbery by driving the escape vehicle. Since the state's

evidence was uncontroverted that the robbery was committed by threats to cut the victim's throat with a knife, the only crime proven was first degree robbery. Alternatively, Briscoe's defense was that May and Gonzalez acted without Briscoe's aid and without his knowledge, before or after the event, that any crime was to take place or had occurred. Thus there was no evidence upon which a conviction for stealing could have been returned and there was no basis to instruct on that offense.

Finally, in two points, Briscoe contends the state's evidence was insufficient to convict and a judgment of acquittal should have been ordered. The thesis for the argument is that the case against Briscoe was circumstantial, he was not shown affirmatively to have been a participant and his explanation of his presence in the automobile and his association with May and Gonzalez offered a reasonable hypothesis of innocence.

▮ Briscoe was charged here under § 562.041, RSMo 1978 as an accomplice. It was therefore incumbent on the state only to adduce evidence showing some participation by Briscoe calculated in some way to make the offense succeed. *State v. Dotson,* 635 S.W.2d 373 (Mo.App.1982). Participation of the accused before, during or after commission of the offense is sufficient. Aider participation is proved if it appears that the defendant waited in a vehicle and assisted the perpetrators of the crime in making their escape. *State v. Murray,* 445 S.W.2d 296, 298 (Mo.1969). The state's evidence here established those facts posing a jury issue as to Briscoe's implication in the robbery. The court did not err in failing to direct a verdict of acquittal.

The judgment is affirmed.

All concur.