STATE of Missouri, Respondent,

v.

George Michael LEWIS, Appellant.

No. 46474.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 22, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
July 9, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Timothy A. Braun, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction for stealing, a Class C felony. Defendant received a sentence of two years imprisonment. We affirm.

 Defendant, in his sole point relied on, asserts there was insufficient evidence to support the conviction for stealing. We view the evidence in the light most favorable to the verdict, accepting the evidence tending to prove defendant's guilt as true and drawing the inferences therefrom. *State v. Doebert,* 659 S.W.2d 280, 281 (Mo. App.1983). As the evidence was circumstantial, the facts and circumstances must be internally consistent, consistent with defendant's guilt and inconsistent with any reasonable theory of innocence. *State v. Prier,* 634 S.W.2d 197, 199 (Mo.banc 1982).

On September 21, 1981, defendant, his wife and three children lived in a trailer parked in the backyard of the Lanham residence. Mr. Lanham and defendant's family had shared the yard, driveway and pump house. Defendant's wife had grown up in the area (her parents lived across the street) and she had lived in the trailer for about four years. Mr. Lanham had died about one and one-half years previously. On this evening, defendant's brother had brought his wife and new baby over to spend the night. Defendant's car and the car driven by his brother were parked in the driveway.

At approximately 1:30 a.m., a 77 year-old witness, looking out her bedroom window, observed two white males break a window in the Lanham house, carry items from the house, and put them in the two cars. One of these males entered the trailer. The witness called the sheriff's department, whose officers found various property items, which were identified as having come from the Lanham house, in the cars. The basement door was ajar, and a basement window had been broken. Fingerprints identified as defendant's were found on the broken window. Defendant, who did not testify, was found inside the trailer, where he claimed (and his wife testified) he was in bed with his wife and did not leave the bed. Their version was that defendant's brother had taken defendant's car keys, left the trailer, and committed the crime. Defendant's hands were observed to be dirty; this was explained as the result of his having worked on his car earlier that day.

 This evidence was sufficient for conviction. Two white males were seen breaking and entering a residence, and placing some of the contents into cars owned by defendant and his brother, who was staying in the trailer with defendant. Possession of stolen property raises an inference of stealing. *State v. Politte,* 654 S.W.2d 138, 139 (Mo.App.1983). One of the males broke a window: defendant's fingerprints was found there, showing presence at the scene at a time prior to arrest. Presence at the scene and possession of stolen property can suffice to show guilt. See, *State v. Aziz,* 647 S.W.2d 586, 588–90 (Mo.App.1983); *State v. Miller,* 536 S.W.2d 524, 527–28 (Mo.App.1976); and *State v. Heitman,* 473 S.W.2d 722, 725–27 (Mo. 1971).

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.