STATE of Missouri, Plaintiff-Respondent,

v.

Carl EVANS, Defendant-Appellant.

No. 49004.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied Sept. 10, 1985.

David C. Hemingway, Asst. Public Defender, St. Louis, for defendant-appellant.

Thomas Chad Farris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Appellant appeals a jury conviction for robbery and assault. He was sentenced to serve concurrent 10 year sentences. He raises two points on appeal: (1) that there was insufficient evidence to prove that he had the necessary criminal intent for the conviction of assault, § 565.050, RSMo.

Supp.1984, and robbery, § 569.020, RSMo. 1978, when he was not involved in the actual assault or robbery; and (2) that it was error to use the phrase "natural and probable consequence" in the verdict director for assault as that language is not sanctioned by the MAI instruction or the Notes on Use.

The testimony given at trial indicated the following:

On August 19, 1983, appellant was driving around, saw Byron Jones and Lavel Nylon and picked them up. He had known Jones for a couple of months and Nylon for several days. Jones and Nylon discussed snatching a purse as a way to make money. They sighted a young couple walking down the street and directed appellant to drop them off so that they could go snatch the purse and to wait until they returned. The defendant complied with the request. Nylon and Jones approached the couple and attempted to snatch the purse. The woman resisted and her companion turned to see the incident. The woman's companion attempted to prevent the snatching and Jones shot him. Nylon and Jones then fled but were apprehended by the police. After hearing the gun shot defendant drove away from the area. He returned later and saw police officers talking to Nylon and Jones. As he drove by Jones called out to him. The police officers then stopped him and asked him if he knew Nylon and Jones and he said he did not. Defendant left the area. He was arrested in Carthage, Missouri one month later in connection with this incident. Defendant was charged with assault and robbery for acting with others in taking the purse and shooting the man.

■ On appeal we review the evidence in the light most favorable to the state disregarding all evidence and inferences to the contrary. *State v. Williams,* 652 S.W.2d 226, 227 (Mo.App.1983). The evidence clearly indicates that the actual assault and robbery were committed by Nylon and Jones. In order to find defendant

guilty of these charges, the state must show that he had the culpable mental state for the offenses and was criminally responsible for the acts of the other two men. *State v. Logan,* 645 S.W.2d 60, 64 (Mo.App. 1982). Assuming that defendant had the culpable mental state for the crime of purse snatching (as shown by the active participation in snatching i.e. providing the get away car[1]) did he also have the culpable mental state for the robbery? Finding that he did, we affirm the robbery conviction.

■ Culpable mental state may be inferred from the circumstances. *State v. Turner,* 623 S.W.2d 4 (Mo. banc 1981), *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). An individual who promotes one crime and knows that other crimes may occur has the culpable mental state for the other crimes. *State v. Logan,* 645 S.W.2d at 65–66.

■ Section 569.020 RSMo 1978, defines robbery first degree as the forcible stealing of property accompanied by serious physical injury to any person or the use of a deadly weapon or dangerous instrument. Serious physical injury can be caused by the use of a weapon or by mere physical force. Defendant argues that he does not have the culpable mental state for the robbery because he did not know that Jones had a weapon. We note first that it is the serious physical injury or a weapon that makes the purse snatching a robbery. The fact that serious physical injury is possible when an individual resists a purse snatching indicates that defendant could have reasonably anticipated that an injury would be a part of the purse snatching.

The court in *State v. Logan,* 645 S.W.2d 60 (Mo.App.1982) said: "[i]n the multiple crime situation ... where evidence indicates the accomplice may have only purposefully promoted the initial crime, the required mental state is not necessarily implied for the subsequent crime or crimes.

Additional evidence of the accomplice's mental state for such crime is still required." 645 S.W.2d at 64. However the court also said: "the MAI–CR2d provisions recognize that an accomplice who, when he promotes one crime, has knowledge that other crimes may occur, has a 'culpable mental state' with regard to those other crimes. Nothing more should be required." 645 S.W.2d at 65–66.

Defendant may not have planned the robbery but he must have known that a serious physical injury could be inflicted on the *victim of a purse snatching.* In addition, the state proved that defendant knew that Byron Jones owned a gun since defendant had recently tried to purchase one from him. The state made a submissible case on the issue of culpable mental state for the robbery.

■ Defendant's second point on appeal concerns the jury instruction in the assault charge involving the companion of the owner of the purse. The instruction was patterned after MAI 2.12 but deviated from it because that instruction does not apply when the charged crimes are not the same as the crimes initially contemplated by defendant. The instruction read:

A person is responsible for his own conduct and he is responsible for the conduct of other persons in committing an offense if he acts with them for the purpose of committing that offense [or any other offense committed by the other persons in pursuance of the common purpose or *as a natural and probable consequence thereof,*] or if, for the purpose of committing that offense [or any other offense committed by the other persons in pursuance of the common purpose or *as a natural and probable consequence thereof,* ] he aids or encourages the other persons in committing it.

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

1. *See State v. Briscoe,* 646 S.W.2d 424, 428 (Mo. App.1983).

First, that on August 19, 1983, in the City St. Louis, Byron Jones attempted to kill or cause serious physical injury to Joseph Crawford by shooting him,

then you are instructed that the offense of assault in the first degree had occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Second, that with the purpose of promoting of [sic] furthering the commission of robbery in the first degree, the defendant acted together with or aided Byron Jones and Lavelle Nylon in committing that offense, [and the offense of assault in the first degree submitted to you in the foregoing paragraph was committed in the pursuance of the common purpose of robbery in the first degree *as a natural and probable consequence thereof,*] [2]

then you will find the defendant guilty under Count II of assault in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the propositions submitted in this instruction, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of assault in the first degree, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years.

But if you further find and believe from the evidence beyond a reasonable doubt that Byron Jones committed such assault by means of a deadly weapon, then you will assess and declare the punishment at:

1. Life imprisonment, or

2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years. [emphasis ours].

The portions in brackets do not appear in MAI 2.12 and were added to adapt that instruction to the present facts. Under the common law a defendant was liable for the natural and probable consequences of an intended criminal offense. *State v. Logan,* 645 S.W.2d at 64. The instruction would be proper at the common law. The Missouri criminal code has altered this standard and now requires that the defendant have both criminal responsibility for the conduct of the third parties and the culpable mental state for all offenses. *Id.* at 64–65. § 562.016.1; § 562.036, RSMo 1978. Use of the natural and probable consequences standard was error as a matter of law, *State v. Logan,* 645 S.W.2d at 65, since the legislature did not adopt the common law standard of natural and probable consequences for accomplice liability. The proper standard for determining if defendant had a culpable mental state is knowledge that other crimes may occur. *Id.* at 66. The instruction as given does not require the jury to find that defendant knew or could reasonably anticipate that the assault on a companion may occur. Here the assault charge was not an assault on the victim of the planned crime but on her companion. Appellant does not contend the state failed to make a submissible case. The natural and probable consequence instruction does not satisfy the element now in the code that defendant knew or could reasonably anticipate an assault may occur upon a companion during the planned crime. As the jury instruction on assault was incorrect we remand the case for a new trial solely on the assault charge.

The sentence and judgment of ten years for the crime of robbery is affirmed. We remand for a new trial the charge of assault due to instruction error.

PUDLOWSKI, P.J., concurs.

CARL R. GAERTNER, J., concurs in part, dissents in part with separate opinion.

CARL R. GAERTNER, Judge, dissenting.

I concur in the affirmance of the conviction of defendant on the robbery charge

---

**2.** There was no error in the instruction on the robbery charge which left out the bracketed

material in this paragraph and relied solely on the "acted together with or aided" language.

but dissent from the reversal of the conviction on the assault charge.

The majority opinion correctly states that one who embarks upon a criminal endeavor with others is responsible for the crimes which he could reasonably anticipate would be committed by the others in the course of their joint undertaking. It seems to me to be inconsistent to rely upon this principle in holding a submissible case was made and at the same time to rule the jury was misdirected by reason of the instruction that the defendant is responsible for offenses which are the natural and probable consequences of the pursuance of a common purpose. One is bound to anticipate natural and probable consequences. The constructive knowledge which flows from the reasonable anticipation of the natural and probable consequences of one's conduct may suffice to supply the requirement of knowledge underlying a culpable mental state under the circumstances such as in this case. To hold otherwise, in my view, is to read into the criminal code a requirement that the necessary culpable mental state for accessorial liability can only be shown by evidence of actual pre-knowledge that accomplices will commit other specified offenses while perpetrating the planned crime. If such is the law, then the state failed to make a submissible case against the defendant on the charge of assault in the first degree.

In *State v. Logan,* 645 S.W.2d 60 (Mo. App.1982), relied upon by the majority, the issue was whether or not the finding required in the former MAI–CR2d 2.12, that an accessory knew his accomplices were "practically certain" to commit an additional offense, sufficiently submitted the question of the accessory's culpable mental state in the absence of a required finding of a "purpose to promote" the additional crime. The court concluded that when one who promotes one crime has knowledge that other crimes might occur he has a culpable mental state insofar as the additional crimes are concerned. *Id.* at 65–66. Despite the court's observation that the criminal code does not retain the common law terminology regarding "natural and probable consequences," *Id.* at 65, I do not

read the opinion as excluding the possibility of finding a culpable mental state based upon the constructive knowledge which flows from the implicit anticipation of the natural and probable consequences of one's conduct.

In the 1983 revision of MAI–CR2d, the Supreme Court Committee on Pattern Instructions withdrew the "practically certain" language of the earlier instruction relating to accessorial responsibility for an uncontemplated offense. Without approving or disapproving of future use of such language, the committee stated that the "basis and extent of such responsibility and instructions for submitting the same must be developed on a case-by-case basis." In the instant case the jury found that the assault was a natural and probable consequence of the planned robbery and that therefore the culpable mental state underlying the additional offense is to be imputed to the defendant. To say that this was a misdirection, it seems to me, is to place semantics above substance.

I would affirm the convictions on both counts.