STATE of Missouri, Respondent,

v.

Gregory WALKER, Appellant.

No. 53618.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 21, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

William J. Shaw, Public Defender, Gingeree E. Williamson, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GRIMM, Judge.

In this jury tried case, defendant appeals his convictions of (1) stealing, a class C felony pursuant to § 570.040 RSMo 1986, and (2) property damage in the second degree, a class B misdemeanor, in violation of § 569.120 RSMo 1986. We affirm.

There are six allegations of error. First, that the trial court erred in overruling his "objection to the hearsay testimony of Officer Gary Thompson on the seizure of the jacket from the truck, as Officer William Gleason, who conducted the investigation and allegedly seized the jacket from the truck, without a search warrant, was not called by the state to testify during the trial." We disagree, because the point was not preserved for review since there was no objection made to this question and, in addition, neither the question asked, or the reply given, involved hearsay. Second, that the trial court committed prejudicial error in permitting the jury to hear testimony concerning the prior out-of-court identification of defendant because the out-of-court identification was made under circumstances which were inherently suggestive. We disagree, because the point was not properly preserved and there is no evidence that the pre-trial identification procedure was impermissibly suggestive. Third, that the trial court erred in failing to quash the entire panel because all of the panel "were members of the white race," while the defendant is black. We disagree, because defendant made no objection after establishing that all members of the panel were Caucasian. Fourth, that the trial court erred in overruling his motion to suppress evidence by "admitting as evidence a jacket seized from a truck [he] was operating and a necklace seized from [his] person as the evidence [was] seized as a result of a warrantless search." We disagree, because both the jacket and the necklace were received into evidence as a result of constitutionally permissible booking and inventory searches. Fifth, that the trial court erred in not declaring a mistrial after the trial court "verbally reprimanded [him] in front of the jury by threatening to have him removed from the courtroom." We disagree, because, in view of prior problems with defendant, the trial court did not abuse its discretion in admonishing the defendant in order to maintain order in the courtroom. Sixth, that the trial court erred in overruling defendant's motion for a judgment of acquittal at the close of all the evidence because there was insufficient evidence to sustain a conviction. We disagree; the evidence was sufficient to support defendant's conviction.

On January 3, 1987, around 1 p.m., the victim, Dorothy Edscorn, went to the West County Shopping Center in St. Louis County. There, she parked her car about eight to ten cars down from the entrance to J.C. Penneys. In the car, with the doors locked, she left a white jacket wrapped in a pink plastic bag. Also, in that bag was another bag which contained a jewelry box and a gold chain.

At approximately 2:45 that afternoon, Cynthia Olsen arrived at the shopping cen-

ter. She parked her car two or three cars away from the victim's car in the aisle facing the aisle in which the victim's car was parked. Olsen noticed someone standing near the driver's side of the victim's car. As she was walking towards Penneys, she heard the sound of shattering glass behind her. She immediately looked back, and saw a black gentleman standing "half a foot away; closer even" to the driver's door of the victim's car. The man was facing towards her. Olsen continued walking towards Penneys. A few seconds later, she looked back again and saw the man still next to the victim's car, facing towards her. Right before entering the store, Olsen turned around and noticed the man in the same position. At trial, she identified the defendant as the man she saw next to the victim's car.

The victim returned to her car at approximately 3:45 p.m. She immediately noticed that the window on the driver's side was entirely broken out. She discovered that the jacket and necklace, as well as the bags, were missing. The victim then walked back towards the shopping center to report the incident to security. She met Olsen coming out of the store walking towards her car. Olsen gave her name to the victim.

At approximately 3:15 that same afternoon, Des Peres Police Officer Gary Thompson stopped a pickup truck for a missing taillight lens. This occurred approximately one-half mile from the Penneys' parking lot. The driver was the defendant, but he identified himself to Officer Thompson as Lawrence Williams. The defendant was arrested and taken to the police station. During the booking process, he was searched and a gold chain was taken from him.

The pickup truck was towed to the police station. Detective Gleason was told to search the pickup. When Gleason returned from the search, Thompson saw Gleason with a white jacket and two shopping bags.

Later that afternoon, the victim went to the Des Peres Police Department. There, she identified the necklace, the white coat, and the bags as being the items which were stolen from her car.

The next morning, Olsen went to the Des Peres Police Department. She was shown a photo line-up consisting of six pictures. She picked out the picture of the defendant.

Defendant first alleges that the trial court erred in overruling his "objection to the hearsay testimony of Officer Gary Thompson on the seizure of the jacket from the truck, as Officer William Gleason, who conducted the investigation and allegedly seized the jacket from the truck, without a search warrant, was not called by the state to testify during the trial." Defendant contends that he was denied both his right to confront the witness against him and his right to due process and equal protection by the admission of Officer Thompson's alleged hearsay testimony.

At trial, Officer Thompson testified that an Officer Gleason was directed to conduct an inventory search of the pickup truck. Thereafter, Thompson was asked "... [I]n your first-hand knowledge, do you know what items [Gleason] returned with?" Thompson replied, "He returned with a white jacket and two shopping bags." We first note that there was no objection made to this question. In addition, Thompson's reply was not hearsay testimony, for all he testified to was what he personally observed. Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant. *State v. Harris*, 620 S.W. 2d 349, 355 (Mo. banc 1981). Point denied.

Defendant next alleges that the trial court committed prejudicial error in permitting the jury to hear testimony concerning the prior out-of-court identification of defendant, in that the prior out-of-court identification was made under circumstances so inherently suggestive and conducive to mistaken identification as to violate defendant's right to due process and fair and equal protection of the law.

Defendant filed a "shotgun" motion to suppress identification. On the first day of

trial, outside the hearing of the jury, the motion was heard. The state presented two witnesses, being the arresting officer and the eyewitness. The arresting officer testified that the defendant was not only arrested for the taillight violation, but also because he did not have an operator's license in his possession and because he was a fugitive. Also, the vehicle was impounded and towed because it could not be secured. The pickup did not belong to the defendant. There was nothing in the testimony of the eyewitness to indicate that the police in any way made any suggestions concerning the photo identification of defendant. The motion was denied.

■ At trial, when eyewitness Olson testified about the out-of-court identification of defendant, no objection was made. When she identified the defendant in court, no objection was made. The point is not raised in the motion for new trial. To preserve a challenge to identification testimony, defendant is required to file a pretrial motion to suppress, object timely at trial, and include the issue in his motion for new trial. *State v. Pettit*, 719 S.W.2d 474, 477 (Mo.App.E.D.1986). Defendant took only the first step of the three required steps, so our review is limited to plain error.

■ Defendant contends that the pretrial identification procedure was suggestive in that: (1) the eyewitness was shown six photographs, five of which the subjects pictured bore no resemblance to defendant since they were of dark, black males, and defendant is a light to medium black male; and (2) five of the six photographs had a light blue concrete wall background whereas defendant's photo was displayed on a smooth pink wall background.

■ The pretrial identification procedure was not impermissibly suggestive. Generally, differences in the size or color of the photographs which compose the photographic spread have been held not to infringe due process nor taint in-court identification if reliability factors are satisfied. *State v. Trimble*, 654 S.W.2d 245, 256 (Mo. App.S.D.1983). Also, dissimilarity in physical appearance alone is insufficient to es-

tablish impermissible suggestiveness. *State v. Reasonover*, 700 S.W.2d 178, 182–183 (Mo.App.E.D.1985). We have examined the six photographs and concur with the trial court that the pictures were not impermissibly suggestive. Point denied.

As his next point, defendant alleges that the trial court erred in failing to quash the entire panel because all of the panel "were members of the white race," while the defendant is black. As a result, defendant states that he was denied his right to due process, fair and equal protection of the laws, and a right to a fair and impartial jury of his peers.

At trial, during the state's voir dire, defense counsel asked to approach the bench. At that time, she asked, "if the Court would stipulate that the entire panel is Caucasian." The court responded, "I don't know if they're all Caucasian." Also, defense counsel moved "that this panel be dismissed because this is not a, a jury of Gregory Walker's peers." That request was denied. During the defendant's voir dire, defense counsel established that all members of the panel considered themselves "to be a member" of the Caucasian race. However, the record does not reflect that any further objection was made to the jury panel or to the jury that was seated. There being no request made of the trial court after defendant established that all members of the panel were Caucasian, no complaint can be made that the trial court committed error in this regard.

■ Even if counsel had renewed her motion, it would not have been error to overrule it. Base assertions of counsel do not suffice to show a constitutionally impermissible exclusion of an identifiable class from a jury panel. One advancing such a claim must carry a heavy burden of proof to show that a distinctive group is not fairly and reasonably represented in relation to their numbers in the community *and* that the jury selection process is responsible for underrepresentation by reason of a scheme of systematic exclusion. *State v. Briscoe*, 646 S.W.2d 424, 426 (Mo.

App.W.D.1983). No such proof was made. Point denied.

Next defendant alleges that the trial court erred in overruling his motion to suppress evidence by "admitting as evidence a jacket seized from a truck [he] was operating and a necklace seized from [his] person as the evidence [was] seized as a result of a warrantless search." Defendant specifically contends that he was denied his right to be free from unreasonable searches and seizures.

■ Defendant, during the booking process at the police station, was searched and a gold chain was taken from him. At a police station, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person; such an inventory search does not violate the Fourth Amendment. *State v. Friend,* 711 S.W.2d 508, 510 (Mo. banc 1986). There was no error in receiving the necklace in evidence.

■ As to the jacket, it was located as the result of the inventory search of the pickup truck. The pickup had been taken to the police station because it could not be secured. A routine warrantless inventory search is constitutionally permissible provided the initial seizure of the vehicle was legitimate and the search reasonable in scope. *State v. Holt,* 695 S.W.2d 474, 477 (Mo.App.E.D.1985). Generally, impoundment of a vehicle and a subsequent inventory, without a warrant, is justified only if "the vehicle is associated with the commission of an offense or the arrest of the defendant or if the location or condition of the vehicle is such that the safety or interest of the public requires its removal and police intervention is the only reliable option." *Id.* A recognized exception to this general rule is when serious doubts arise concerning the driver's ownership or lawful possession of the vehicle. *State v. Kelley,* 678 S.W.2d 852, 854 (Mo.App.E.D.1984). Here, the defendant was not the owner of the pickup, the defendant was arrested for several different charges, and the vehicle could not be secured. Impoundment, therefore, was justified. Since the car was properly impounded, the subsequent inventory search was proper. The trial court did not err in receiving the jacket in evidence. Point denied.

■ Defendant's next point is that the trial court erred in not declaring a mistrial after the trial court "verbally reprimanded [him] in front of the jury by threatening to have him removed from the courtroom." Defendant contends that this comment by the trial court indicated to the jury that the court was not neutral and unbiased and also, as a result of this statement, the jury became biased and prejudiced against him.

At the outset of the trial, but outside the hearing of the jury panel, the trial court noted for the record that the defendant had elected not to appear in the courtroom. Defense counsel then advised the court that the defendant would come in. The court then said that the defendant had threatened that he would lay down in the courtroom and also would "pull off antics which would be disruptive" of the courtroom. The court warned him not to do those things.

■ During cross-examination of a witness, the defendant blurted out, "I was locked up for a week." The court then said, "Mr. Walker, any more outbursts, and you'll be outside the courtroom." The court has a duty to maintain order in the courtroom and may exercise discretion with respect to the things necessary to that end. *State v. Johnson,* 499 S.W.2d 371, 374 (Mo. Div. 1 1973); see, also, *Gregory v. United States,* 365 F.2d 203, 205 (8th Cir.1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L.Ed.2d 676 (1966). Defendant had been previously warned to conduct himself properly in the courtroom. The court gave defendant a further warning that he would be removed from the courtroom if he continued to be disruptive. We find no abuse of discretion in the admonishment given the defendant. Point denied.

■ Defendant's final point is that the trial court erred in overruling his motion for a judgment of acquittal at the close of all the evidence because there was insufficient evidence to sustain a conviction.

In viewing the evidence in the light most favorable to the verdict, *State v. Lewis*, 674 S.W.2d 559, 560 (Mo.App.E.D.1984), the evidence established that an eyewitness saw the defendant standing next to victim's car, heard the sound of shattering glass behind her, and again saw the defendant next to the car. The victim testified that her car window was smashed and that a jacket and a necklace were stolen. These items were found in defendant's possession within one-half hour after they were stolen. This evidence was sufficient to support defendant's conviction. Point denied.

The judgment is affirmed.

SIMON, P.J., and CRANDALL, J., concur.