Carl EVANS, Appellant,

v.

STATE of Missouri, Respondent.

No. 54379.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Henry W. Cummings, St. Charles, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant and his two co-defendants were involved in a robbery, for which movant was convicted by a jury and sentenced to ten years in prison. *See State v. Evans,* 694 S.W.2d 860 (Mo.App.1985). Movant now asserts his conviction should be vacated because his counsel at trial was ineffective by not personally interviewing his co-defendants before deciding not to call them as witnesses at trial.

Movant's co-defendants were arrested immediately after the robbery. Both co-defendants then gave statements to the police: one an oral statement, the other taped. Each implicated movant in the robbery as the planner, lookout and driver of the getaway car.

Both co-defendants pled guilty to the robbery prior to movant's trial. Before their guilty pleas, both co-defendants signed affidavits stating movant had no knowledge the crime would take place, and he was only driving co-defendants to a location they requested. However, at their guilty plea hearings, each co-defendant, under oath, implicated movant in the crime.

One co-defendant testified at the Rule 27.26 hearing. He stated that if he would have been called to testify at trial, he would have exonerated movant. The other co-defendant did not testify at the hearing, but submitted an affidavit stating he would also have exonerated movant if he had been called to testify at trial.

Movant's trial counsel also testified at the Rule 27.26 hearing. She stated she had contacted each co-defendant's lawyer prior to movant's trial. Both lawyers informed her that each co-defendant had implicated movant in their respective guilty pleas. She admitted she did not contact either co-defendant personally, but she had examined at least one of the guilty plea transcripts, and had reviewed the statements and affidavits each co-defendant had made. She stated her decision not to call co-defendants as witnesses was one of trial strategy, because she believed they would not make credible witnesses, and their testimony would allow the introduction of their prior incriminating statements.

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987). The credibility of witnesses is for the motion court. *Mitchell v. State,* 747 S.W.2d 234, 235 (Mo. App.1988).

Movant's trial counsel's investigations were reasonable. She had investigat-

ed the co-defendants' prior statements, and she could rely on the information given her by co-defendants' lawyers, particularly in light of the conflicting statements each co-defendant had made. From the information counsel possessed, she could conclude without meeting with co-defendants first-hand, that as a matter of trial strategy, neither would make a beneficial witness due to the existence of their conflicting statements as to movant's guilt. *Porter v. State*, 682 S.W.2d 16, 18[1][2] (Mo.App. 1984).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.