Phillip ROYAL, Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–Respondent.

No. 18731.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 21, 1994.

Pete Carter, Rolla, for plaintiff-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PARRISH, Chief Judge.

Phillip Royal (movant) was convicted of capital murder. § 565.001, RSMo Supp.1977. After an appeal of that conviction, *see State v. Royal,* 610 S.W.2d 946 (Mo. banc 1981), movant filed a motion for post-conviction relief pursuant to Rule 27.26 (repealed). Counsel was appointed and filed an amended motion. Following an evidentiary hearing, the motion court filed written findings of fact and conclusions of law and denied the motion. This court affirms.

The attorneys who represented movant in the underlying criminal case (trial counsel) filed a motion to suppress evidence that sought to preclude statements made by movant from being admitted in evidence at his trial. After an evidentiary hearing on the motion to suppress evidence, the motion was granted "as to any question asked the defendant and reply of defendant to response thereof prior to the giving to him the Miranda Warnings." The motion was denied with respect to other statements. Testimony was admitted in evidence of various statements movant made to law enforcement officers after his arrest, including statements he made while incarcerated at the Butler County jail.

No evidence was presented at the suppression hearing of any beatings or mistreatment by law enforcement officers. However, at the Rule 27.26 hearing, movant testified that he was involved in a car accident immediately prior to his arrest; that law enforcement officers pulled him from the vehicle he was driving "by the hair of the head." Movant testified that he was not taken to a hospital after the accident; that he did not see a doctor. He testified, "I just had a little bruise up by my eye and I think I had a little scratch on my forehead."

Movant testified that he was arrested January 13, 1978. He was taken to the Butler County jail. He testified that he was handcuffed from the time of his confinement January 13, "all that day and all that night." According to movant, the handcuffs were removed the next day, January 14. He testified that when he first arrived at the jail, "[T]hey put me in a juvenile tank for a few minutes until they cleared out the cell they called the hole, it's a dungeon cell. Anyway, they put me, they put me in this room and that's where the room I was, you know, for a good while."

Movant testified that he did not sleep the night following his arrest "because officers was coming around kicking on the door, calling me names and I was beaten." Movant was asked the following questions and gave the following answers:

Q. Did, on the 13th and the 14th before you made any statements, did they, did anybody strike you?

A. Yes, sir, I got struck. I got beat.

Q. And do you know who it was that beat you?

A. Larry Woods, Sheriff Junior Stout, another deputy sheriff, I think named Howard DeCourley and other, several other unknown officers.

Q. What injuries did you receive?

A. I got a tooth knocked out up there, up there in the front and I got a, I got, they sprayed me down with mace and, and like I say, I had bruises all over me and my, you know, scratches and, you know, had real bad headaches and I tried to go see a doctor, and I explained this to Mr. Crider [movant's attorney] and on Mr. Crider's preliminary hearing, he went to the Judge and explained to the Judge if they didn't get me up out of there it might have been a problem and that's when I was transferred to Phelps County that the Judge, he was going to get a court order,

and plus, they took me over to the hospital at that time right after the preliminary hearing was over.

Movant testified that he made statements January 14, 1978, and that his statements were written down. He testified that he was beaten and that a pistol was put to his head and he was told, "[Y]ou said this, said this." He stated, "I just got tired of the beating and stuff and I said, I agree, yeah, I said that, you know."

Movant was represented by appointed counsel in the criminal case. His first appointed counsel was Paul Crider. After preliminary hearing, he was represented by Terry Daley.[1] Both attorneys were employees of the state public defender's office. Movant testified that he told both of them he had been beaten, but that they did not ask him about being beaten at the suppression hearing in the criminal case.

The only witnesses, other than movant, who testified at the Rule 27.26 hearing were Blaine Brower, formerly an investigator for the Missouri Public Defender's office, and Terry Daley Schwartze.

Blaine Brower assisted the attorneys who represented movant in his criminal case. Mr. Brower accompanied Paul Crider to Butler County and was present on the first occasion Mr. Crider met with movant. He recalled that movant had either scratches or bruises on his head at the time of the initial meeting. He testified that movant told him, at some time, that movant had been beaten. He did not remember when movant gave him that information. He did not recall exactly what movant told him. He did not remember whether movant claimed the beatings were related to movant's statements. The procedures Mr. Brower followed in conducting investigations included maintaining notes on what a defendant told him and placing those notes in the public defender's files.

Mr. Brower continued assisting with the investigation after movant's preliminary hearing. He assisted Ms. Schwartze, the attorney who represented movant at trial, and consulted with her during trial.

Ms. Schwartze first met movant at the Phelps County jail a "couple of months or maybe three or four months" after he had been arrested. She did not recall movant saying anything to her about the condition of his cell at the time he gave statements to law enforcement officers. She did not recall movant ever telling her that statements had been obtained from him as a result of beatings. Ms. Schwartze did not recall movant telling her that statements had been obtained by law enforcement personnel failing to provide medical care or food or water. She had no recollection of any notes in the file she received from the attorney who first represented movant that dealt with beatings, coercions or physical threats.

*Ineffective Assistance of Counsel*

Movant presents five points on appeal. Two of those points allege the motion court erred in not finding that movant's trial counsel was ineffective. Point I asserts that movant's trial counsel provided ineffective assistance because his attorneys were aware movant "had been beaten to obtain his statements ... and counsel did not bring such evidence fourth [sic] at the motion to suppress or during trial."

Point III asserts that movant's trial counsel was ineffective because she failed to interview a witness, Jay Lucas, prior to trial. Movant contends the trial testimony of Jay Lucas was the only evidence that showed that movant's actions in killing the victim were premeditated.

The parameters of review for claims of ineffective assistance of counsel are explained in *Driscoll v. State*, 767 S.W.2d 5 (Mo. banc), *cert. denied*, 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989).

Our review of the actions of the hearing court is limited to a determination of whether that court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984).

In reviewing the determinations of the hearing court ..., the focus is on (1) coun-

---

1. At the time of movant's Rule 27.26 hearing, Ms. Daley's name was Schwartze.

sel's performance, and, (2) if that performance is deficient, whether prejudice resulted from counsel's breach of duty. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1983); *Sanders v. State, Id.* at 857–58.

Counsel's performance is assessed by determining if counsel acted "reasonably within prevailing professional norms under all circumstances." *See Sanders* at 858. "*Reasonably* effective assistance may be defined as 'the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances.' " *Sanders* at 858, quoting *Thomas v. Lockhart,* 738 F.2d 304, 307 (8th Cir.1984), quoted in *Kellogg v. Scurr,* 741 F.2d 1099, 1100 (8th Cir.1984). (Emphasis in *Sanders.*)

Appellant bears the burden of proving his grounds for relief by a preponderance of evidence. Rule 27.26(f). That burden, with respect to an allegation of ineffective assistance of counsel, has been characterized as being "heavy" to bear. *Stevens v. State,* 560 S.W.2d 599 (Mo.App.1978); *Pickens v. State,* 549 S.W.2d 910 (Mo.App. 1977); *Lahmann v. State,* 509 S.W.2d 791 (Mo.App.1974).

*Id.* at 7.

The motion court made the following findings with respect to the issue presented by movant's first point.

Movant testified … as to how he was captured, beaten and then made to make incriminating statements. He states he only made the statements because he was beaten and that these statements that he made to the deputies were not true.

Terry Daley Schwartze testified that when she saw the Movant he didn't appear to be beaten up, but that she first saw him after he ha[d] been incarcerated for several months. Blane Brower, who was the public defender's investigator at the time that this case arose testified that Movant had several scratches on him which Movant stated to Brower came from the beatings. It also came out through cross-examination that at the time of his capture, Movant had been driving the victim's car and when he was pursued by law enforcement officials he wrecked the car.

Trial counsel[,] based on these allegations[,] filed and pursued a Motion to Suppress all of the statements and after a hearing by the [trial] Court some of these statements were in fact suppressed.

It is interesting to note that upon questioning of Movant at this hearing he was asked why at the suppression hearing he did not talk about the beatings and his response was that he was told not to say anything by his trial counsel. Trial counsel denied this and indicated she would have pursued a different approach if Movant had told her all about the beatings. As stated in *Evans v. State,* 759 SW 2d 858 [ (Mo.App.1988),] the credibility of a witness is an issue for the motion Court and in reviewing that evidence this Court does not find Movant very credible. The record reflects that a Motion to Suppress was filed and as a catch-all phrase in that motion the words undue coercion and oppression were used. It appears inconceivable that a defense counsel would tell her client not to discuss the very issues that could have gotten the statements suppressed. Trial counsel not only filed and pursued th[e] motion [to suppress] but also objected to any statements made by the defendant when the case was tried. Looking at the totality of the circumstances on this issue the [motion] Court does not find that trial counsel was ineffective.

█ The motion court considered the testimony that was presented at the Rule 27.26 hearing. Movant testified that he told his trial counsel about beatings that caused him to confess to the murder for which he was tried, and his trial counsel told him not to say anything about the beatings. The motion court did not believe movant's testimony. It was within the discretion of the motion court to believe or disbelieve movant's testimony. *Williams v. State,* 550 S.W.2d 821, 822–23 (Mo.App.1977). The motion court is the arbiter as to the credibility of witnesses. *Hampton v. State,* 558 S.W.2d 369, 370 (Mo.App.1977). The motion court's determination that movant's testimony was

not credible is not clearly erroneous. Movant's first point is denied.

Movant's third point contends his trial counsel was ineffective because she did not interview witness Jay Lucas. Lucas was chief of police at Qulin, Missouri, and a deputy sheriff of Butler County. Movant's complaints are directed to Officer Lucas' testimony at trial regarding statements movant made to him. The circumstances that are the basis for movant's complaint are stated in the opinion in his direct appeal:

Appellant's first counsel had filed a request for "any written or recorded statements and the substance of any oral statements made by the defendant." The parties agree that at least until a few days before trial the State had fully complied with appellant's request. However, on the Thursday or Friday before the commencement of the trial on the following Tuesday, the prosecuting attorney learned for the first time of two statements made to Deputy Jay Lucas that had not been disclosed. The statements were basically that appellant lay in wait behind the bank deciding how he would rob it and kill the teller; and that, when he did kill her he shot her once in the stomach and then twice in the head "so she wouldn't suffer." The prosecutor made no mention of the statements until he described Lucas' anticipated testimony in opening statement. This was the first knowledge defense counsel had of this specific facet of Lucas' testimony. Later that day, defense counsel objected to the introduction of the statements and sought to have them excluded under Rule 25.45, now Rule 25.16. The trial court inquired of defense counsel what prejudice appellant would suffer if the statements were admitted. She replied that she was deprived of the opportunity to fully prepare for trial; that the statements went directly to appellant's mental state in the killing and she would have directed different cross-examination questions to Lucas. The trial court then overruled appellant's motion to exclude the statements because there had not been a sufficient showing of prejudice.

State v. Royal, 610 S.W.2d at 951.

The court, in the direct appeal of movant's criminal case, acknowledged that the duty to disclose statements upon proper requests for discovery is a continuing duty. *Id.*, citing *State v. Smothers*, 605 S.W.2d 128, 131 (Mo. banc 1980); and *State v. Curtis*, 544 S.W.2d 580 (Mo. banc 1976). The court stated it was apparent the prosecuting attorney had not fully complied with discovery rules; that the trial court could have imposed sanctions for the state's noncompliance, including imposition of sanctions of forced disclosure, granting a continuance, excluding the evidence that had not been disclosed, or entering "any other order the trial court deem[ed] appropriate." 610 S.W.2d at 951.

The court held that the trial court did not abuse its discretion in failing to impose sanctions. It held that the admission into evidence of statements made to Officer Lucas that were not previously disclosed did not result in fundamental unfairness to movant. 610 S.W.2d at 952–53.

■ Movant's trial counsel had learned of statements movant made to persons other than Officer Lucas. She received that information in response to the request for discovery. Until she heard the prosecuting attorney's opening statement, movant's trial counsel had no reason to believe that it was necessary to interview Officer Lucas.

"Counsel has a duty to make a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary." *Evans v. State*, 759 S.W.2d 858, 859 (Mo.App.1988). Movant's trial counsel, based on the fact that a number of statements movant made had been disclosed, had no reason to believe that there were other undisclosed statements. Trial counsel made the decision that further investigation was not required. That decision was reasonable under the circumstances and was not clearly beyond the bounds of prevailing professional norms. As such, movant's trial attorney exercised "the skill and diligence that a *reasonably* competent attorney would exercise under similar circumstances." *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir.1984), as quoted in *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Failure to interview Officer Lucas was not deficient conduct. Regardless, even had it been deficient, *State v. Royal, supra,* determined that movant suf-

fered no prejudice. Movant did not receive ineffective assistance of counsel. His third point is denied.

### Trial Court Error

Movant's remaining points, Points II, IV and V, relate to his criminal trial. Movant asserts by his second point that the motion court erred in failing to set aside his conviction and sentence because the trial court denied his request for sanctions against the state for its failure to disclose the statements made to Officer Lucas. This issue was determined in movant's direct appeal. *See State v. Royal, supra,* at 951–52.

> A *Rule 27.26* motion cannot be used as a vehicle for a second appellate review and issues decided in the direct appeal cannot be relitigated in a post-conviction proceeding. *Armbruster v. State,* 686 S.W.2d 519 (Mo.App.1985). This is true even though the issue is cloaked in a different theory. *Choate v. State,* 659 S.W.2d 354 (Mo.App. 1983).

*O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989). Point II is denied.

██ Movant's fourth and fifth points are directed to allegations that movant's statements were the product of physical coercion. His fourth point asserts that because this alleged conduct was violative of constitutional constraints, the motion court erred in not setting aside his conviction and sentence. The fifth point asserts that the motion court erred in not setting aside movant's conviction and sentence because the alleged physical coercion rendered movant's statements involuntary. Movant's statements were declared admissible in the trial of his criminal case. Movant unsuccessfully challenged that ruling in his direct appeal. *See State v. Royal, supra,* at 948–49. He is not entitled to again have appellate review of that issue. *O'Neal v. State, supra.* Points IV and V are denied. The order dismissing movant's Rule 27.26 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.