**STATE of Missouri, Respondent,**

v.

**Kevin JOHNSON, Appellant.**

**Kevin JOHNSON, Appellant.**

v.

**STATE of Missouri, Respondent.**

Nos. 18697, 20061.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 20, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Following non-jury trial, Appellant was convicted of trafficking drugs in the second degree and sentenced to seven years' imprisonment. Appellant appeals that conviction.

Following sentencing, Appellant filed a motion seeking postconviction relief under Rule 29.15. That motion was denied following an evidentiary hearing. Appellant also appeals from that denial. The appeals were consolidated for review. Rule 29.15(*l*).

■ Appellant presents two points relied on, one directed to each of his appeals. By his first point, Appellant asserts that the trial court erred in overruling his motion to suppress and in admitting cocaine base into evidence

[B]ecause the evidence was the fruit of an unlawful detention of the Appellant, in violation of his right to be free from unreasonable searches and seizures ... in that the police did not have a reasonable, articulable suspicion that Appellant was involved in criminal activity since the fact that Appellant wore loose clothes, appeared nervous, looked around the terminal and walked from the bus to a phone merely describe conduct typical of a broad category of innocent travelors [sic].

The scope of this Court's review of a motion to suppress is well set out in *State v. Page*, 895 S.W.2d 269, 270–271 (Mo.App. 1995). Under that limited review no error is present. There was evidence that the police officers asked and Appellant consented to the officers' conduct. The trial court was justified in finding that Appellant consented to the actions of the officer previous to Appellant running out of the bus station and discarding the cocaine base.

■ By his second point, Appellant contends that the trial court erred in denying his Rule 29.15 motion because he received ineffective assistance of counsel, in that his defense counsel in the criminal matter "persuaded Appellant not to plead guilty and by failing to fully explain the consequences of proceeding to trial," deprived Appellant "of making a fully informed and voluntary decision." There was evidence that Appellant made the decision to go to trial and was not persuaded to do so by his attorney. This directly contradicts Appellant's contention.

■ Credibility of the witnesses is primarily for the trial court. *Royal v. State*, 868 S.W.2d 552, 555 (Mo.App.1994). As we can-

not say the trial court's determination was "clearly erroneous," Rule 29.15(j), that decision must be affirmed.

The judgments are affirmed.

CROW and PARRISH, JJ., concur.