**David BAINTER, Petitioner,**

**v.**

**STATE of Missouri, Respondent.**

**No. 42631.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

George A. Dorsey, Clayton, for petitioner.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

This is an appeal by petitioner from the denial of his petition for writ of coram nobis seeking to have a 1966 conviction set aside. Petitioner alleges that in 1966 in the Circuit Court of the City of St. Louis, he pleaded guilty to a charge of carrying a concealed weapon, and was sentenced to

three years. Thereafter, petitioner apparently contends the trial court unlawfully vacated that sentence, imposed a sentence of five years, and placed petitioner on probation. Petitioner was subsequently discharged from probation in April, 1968. This conviction was later used in December, 1977, to enhance punishment with respect to petitioner's convictions for two counts of murder and assault with intent to do great bodily harm. *See State v. Bainter,* 608 S.W.2d 429 (Mo.App.1980).

In his petition for a writ of coram nobis, petitioner requested appointment of counsel and an evidentiary hearing. On October 23, 1979, the trial court denied petitioner's motion for appointment of counsel, motion for an evidentiary hearing, and dismissed with prejudice his petition for failure to state facts showing he is entitled to relief.

On appeal, petitioner alleges only that the trial court erred in failing to make specific findings of fact and conclusions of law and in failing to appoint him counsel. We affirm.

Our scope of review is governed by Rule 73.01(c)(1) which provides that the trial court's judgment shall be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Dearing v. State,* 631 S.W.2d 328, 330 (Mo. banc 1982).

Petitioner contends that the trial court failed to make findings of fact and conclusions of law as required by Rule 27.26(i). This action is not governed by Rule 27.26 but by Rule 73.01(1)(b) (now 73.01(a)(2)). *Dearing v. State,* 631 S.W.2d 328, 330 (Mo. banc 1982). The trial court need not make findings of fact and conclusions of law unless requested by the parties. No such request was made to the trial court, hence petitioner's claim is without merit.

Petitioner's contention as to appointment of counsel is likewise groundless. A proceeding in the nature of a writ of error coram nobis is a civil proceeding; even though it seeks relief from a criminal conviction. The petitioner is not entitled in a coram nobis proceeding to the appointment of counsel on the grounds of indigency. *Powell v. State,* 495 S.W.2d 633, 635 (Mo. banc 1973).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.