Willie WILLIAMS, Petitioner,

v.

STATE of Missouri, Respondent.

No. 45186.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 20, 1983.

David L. Hoven, Ballwin, for petitioner.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

This is an appeal by petitioner, Willie Williams, from the denial of his petition for writ of error coram nobis, without an evidentiary hearing and without appointment of counsel. We affirm.

On January 31, 1972, petitioner pled guilty to the lesser included offense of assault with intent to rob with malice aforethought. § 559.180, RSMo.1969. He was sentenced to three years in prison without probation, which sentence has been served. This conviction was used in January, 1980 to enhance punishment with respect to petitioner's conviction for second degree robbery.

In his petition for writ of error coram nobis, filed June 19, 1981, petitioner requested appointment of counsel and an evidentiary hearing. He sought vacation of his sentence, alleging that ineffective assistance of counsel made his guilty plea involuntary; that he was never informed by counsel of the charge against him; that there was an inadequate factual basis for his plea, and that the charge to which he pled guilty was not a lesser included offense of robbery first degree by means of a dangerous and deadly weapon. § 560.120, RSMo.1969.

On July 16, 1981, the trial court filed lengthy findings of fact and conclusions of law and entered an order without appointment of counsel and without an evidentiary hearing. In dismissing his petition, the court found the allegations refuted by the record, and further found that petitioner had waited too long to bring the allegations.

The sole issue raised by petitioner on appeal is to challenge the court's refusal to appoint him counsel. We find this contention groundless.

This court directly addressed this issue in *Bainter v. State,* 644 S.W.2d 373 (Mo.App.1982). "A proceeding in the nature of a writ of error coram nobis is a civil proceeding, even though it seeks relief from a criminal conviction. The petitioner is not entitled in a coram nobis proceeding to the appointment of counsel on the grounds of indigency." *Id.* at 374. *See Powell v. State,* 495 S.W.2d 633, 635 (Mo. banc 1973); *Rodgers v. State,* 580 S.W.2d 514, 516 (Mo. App.1978). Therefore, we find that the trial court's refusal to appoint counsel in this case was appropriate.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.