**Benjamin BIRD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 48011.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 4, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 9, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Gary L. Robbins, Public Defender, Jackson, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is an appeal from the trial court's order denying a petition for writ of error coram nobis after an evidentiary hearing. We affirm.

Appellant contends his pleas of guilty, entered on April 11, 1972, to two charges

of stealing more than fifty dollars, felonies at that time, were not entered knowingly, intelligently and voluntarily. The 1972 convictions were used to enhance punishment for two other felonies for which appellant pled guilty in January of 1982. Appellant was sentenced to twenty years imprisonment for the 1982 felonies.

Less than a year following his 1972 conviction, appellant pleaded guilty to charges of burglary and stealing. At that time he was questioned by the court and the ramifications of waiving his right to a probationary hearing were discussed. Appellant had approximately seven other convictions, most of which were for receiving stolen property. He filed his petition for writ of error coram nobis on August 16, 1982, challenging the 1972 plea. After an evidentiary hearing, the court entered an order on November 9, 1983, denying the petition.

■ The trial court did not abuse its discretion in denying the writ of error coram nobis. The petition was not timely asserted. Challenge to the 1972 convictions should have been made when they were pleaded and tried as part of the 1982 felony convictions. *Howard v. State*, 633 S.W.2d 222, 223 (Mo.App.1982). Further, the trial court properly found ten years too long a delay for allowing a writ of coram nobis. *Skaggs v. State*, 476 S.W.2d 524, 528 (Mo.1972); *Williams v. State*, 658 S.W.2d 506, 507 (Mo.App.1983).

■ Finally, appellant did not meet his burden of proof that the 1972 guilty plea was entered involuntarily. Although appellant was a seventeen-year-old first offender, he was represented by counsel of his choice, and he was advised by his attorney prior to the hearing. That the trial court did not specifically discuss constitutional rights waived by a guilty plea does not render that plea involuntary. *Foster v. State*, 590 S.W.2d 912, 913 (Mo. banc 1979); *Paxton v. State*, 565 S.W.2d 750, 752–53 (Mo.App.1978).

Judgment affirmed.

REINHARD, C.J., and DOWD and KAROHL, JJ., concur.