STATE of Missouri, Respondent,

v.

Andrew WHITE, a/k/a Larry White, Appellant.

No. 49680.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 4, 1986.

Application to Transfer Denied
April 15, 1986.

Deborah Lambdin Stockhausen, Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant was convicted by a jury of rape, § 566.030 RSMo 1978; first degree burglary, § 569.160 RSMo 1978; and false imprisonment, § 565.130 RSMo 1978. The court sentenced the defendant as a persistent offender to twenty-five (25) years imprisonment on the rape charge; ten (10) years imprisonment on the burglary charge; and five (5) years imprisonment on the false imprisonment charge, said sentences to run concurrently.

This court filed an opinion on October 1, 1985, reversing the judgment and remanding the case back to the trial court for a new trial. In respondent's motion for rehearing and/or transfer to the Supreme Court, it was brought to our attention for the first time that the record on appeal contained material omissions of fact necessary for a determination of the question presented on appeal. The record on appeal filed by appellant failed to disclose that the challenge for cause by defense attorney was directed against venirewoman Hoffstetter who was only qualified as a potential alternate juror. After reviewing defendant's point on appeal, with the supplement-

ed record on appeal, we are compelled to withdraw the opinion filed October 1, 1985, and to file the following opinion.

The relevant facts are as follows. During the voir dire examination of the venire panel, defense counsel moved to have venirewoman Hoffstetter stricken for cause because she expressed strong feelings against a person charged with the crime of rape. The motion was denied. The jury list showed that venirewoman Hoffstetter was the twenty-fifth (25th) venireperson of a panel of twenty-seven (27) qualified as jurors. At the conclusion of the voir dire examination each side exercised its six (6) peremptory strikes against the first twenty-four (24) qualified venirepersons. A panel of twelve (12) jurors was thus selected to hear the case.

The trial court then proceeded to select an alternate juror. There were three venirepersons on the list with one to be selected as the alternate. In accordance with Section 494.065, RSMo Supp.1984 governing the procedure for selecting an alternate juror, the defense counsel and the state's attorney each used their peremptory challenge against one of the three qualified venirepersons. Defense attorney removed venirewoman Hoffstetter at this time. The venirewoman remaining was selected to sit as the alternate juror and was later discharged by the court before the jury retired to deliberate on the verdict.

Defendant's sole point on appeal is an allegation that the trial court committed error in overruling a challenge for cause made against a prospective alternate juror. As a result of the court's failure to strike the juror, defendant contends he was required to use a peremptory challenge to remove the juror from the panel.

■ There is no requirement that an alternate juror be selected in a civil or criminal case and the decision whether an alternate juror is selected is within the strict discretion of the trial judge. If alternate jurors are selected, they are to be selected in the same manner, have the same qualifications, and be subject to the same examination and challenges as the principal jurors. Each side is entitled to one peremptory challenge if one or two alternate jurors are selected. This peremptory challenge is to be used against only prospective alternate jurors and the peremptory challenges allowed by law that are used against the principal jurors are not used in the selection of alternate jurors. Section 494.065, RSMo Supp.1984.

■ Missouri courts have held that the statutory provisions detailing the method in which the services of additional or alternate jurors are obtained are directory. Unless a defendant can demonstrate that he has been prejudiced or that his interests have been adversely affected by the court's failure to follow the statutory provisions, he is not entitled to relief. *State v. Friend*, 607 S.W.2d 902, 903 (Mo.App.1980).

Our research of Missouri case law did not produce any cases dealing with the specific issue raised in this appeal. However, other jurisdictions have dealt with issues involving the selection of alternate jurors. The Pennslyvania Supreme Court, in *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590 (1973), held that a trial court's refusal to remove an alternate juror for bias, assuming the juror was biased, was not reversible error because the juror had been an alternate and was discharged prior to the jury's deliberation on the verdict. *Id.* 299 A.2d at 593. More recently, the Georgia Supreme Court held that any error in the selection of potential alternate jurors who were challenged for bias was harmless because none of the alternate jurors selected were called upon to participate in the jury deliberations. *Devier v. State*, 253 Ga. 604, 323 S.E.2d 150, 155 (1984).

■ It has long been recognized that " 'a defendant is entitled to a fair trial, but not a perfect one,' for there are no perfect trials." *Brown v. United States*, 411 U.S. 223, 231–232, 93 S.Ct. 1565, 1570–1571, 36 L.Ed.2d 208 (1973), quoting *Bruton v. United States*, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968). In the case before us, while the court's ruling on

the challenge for cause may have been error, it was harmless error and, therefore, does not require a reversal of defendant's conviction. There has been no showing that defendant's interests were prejudiced or adversely affected in any way by the court's failure to sustain his challenge for cause to venirewoman Hoffstetter since the alternate juror ultimately chosen was later discharged and did not participate in the deliberation of the jury's verdict. We find that the error committed did not affect the fairness of the trial and that the defendant received the essential requisite of a trial by an impartial jury. Defendant's point is denied.

The judgment of the trial court is affirmed.

CRIST and REINHARD, JJ., concur.