**Cecil George OGLE,
Petitioner-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 14729, 14730 and 14731.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 9, 1986.

Cecil George Ogle, pro se.

William L. Webster, Atty. Gen., Carrie Franke, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

In August 1984 Cecil George Ogle filed three petitions for writs of error coram nobis. Each challenged petitioner's convictions in three previous felony cases which were employed to brand him a persistent offender when he was later tried, convicted and court-sentenced to 20 years' imprisonment for rape by forcible compulsion. *State v. Ogle*, 668 S.W.2d 138 (Mo.App. 1984). The trial court issued separate judgments denying each petition and we consolidated the separate appeals when the matters reached this tribunal.

Even though the proceedings seek relief from criminal convictions, suits in the nature of writs of error coram nobis are civil proceedings, *Williams v. State*, 658 S.W.2d 506, 507[1] (Mo.App.1983). For those interested, the general principles relating to the writ of error coram nobis are ably set forth in *Chrisco v. State*, 586 S.W.2d 407, 409[3–6] (Mo.App.1979), and need not be repeated here.

### First Petition

Petitioner's amended petition alleges he was sentenced to two years' imprisonment May 23, 1974, on his plea of guilty to stealing a truck "and is fully served." Though most inartfully worded, petitioner's pro se amended petition says he would not have pleaded guilty had he known "it was a defense to believe that he had permission to use the truck. Movant believed that he had permission, but was led to believe because the truck was stolen that he was guilty." We can only guess that by this, movant is saying he did not know the truck was stolen whenever he obtained permission (from whomsoever) to operate the vehicle. Unfortunately, as the court nisi found, this does not comport with the fact

that when movant originally pleaded guilty, he inscribed in his hand upon the petition to plead guilty the words "I stoled [sic] a truck."

### Second Petition

■ Anent the second amended petition herein, petitioner's brief on appeal recites he was jury-convicted October 31, 1973, of receiving stolen property.[1] The trial court's judgment in this matter notes that petitioner appeared at the criminal trial "with his own counsel" and thereafter appeared June 5, 1974, "with his court appointed counsel, the Public Defender, and was sentenced to two years...." In toto, petitioner's reasons for relief as stated in his amended petition read: "When petitioner was convicted in the Circuit Court no appeal was taken, no lawyer was furnished for an appeal. Petitioner was a poor person and was not provided these items and did not waive them. Petitioner wanted an appeal but could not afford an appeal. Nobody told petitioner that he could appeal as a poor person-litigant." Petitioner's brief herein observes "The fully served sentence was used in the current conviction and sentenee [sic] for rape."

### Third Petition

On November 17, 1975, an indictment was returned charging that petitioner on October 10, 1975, committed first degree robbery. In January 1976 he pleaded not guilty and moved for a mental examination which motion was sustained. Following examination at State Hospital No. 3, the examining physician reported February 25, 1976, that petitioner was suffering no mental disease or defect at either the time of the offense or examination. As a result of plea bargaining, petitioner and his lawyer on September 27, 1976, appeared in court and pleaded guilty to an amended information charging robbery in the second degree. On the petition to accept the plea, petitioner wrote in his hand: "I took items that didn't belong to me in the presents [sic] of

the owner without his consent." The plea was accepted and petitioner was sentenced to imprisonment for five years. In his "Amended Petition for Writ of Error Coram Nobis", petitioner alleges that because there was no previous adjudication or withdrawal of his plea of "not guilty by reasons of mental disease or defect," his plea of guilty to the reduced charge was void.

■ We note and stress that petitioner pleaded guilty or was convicted some 8 to 11 years prior to the date he filed his three petitions for writs of error coram nobis. Applications seeking coram nobis relief should be made with reasonable diligence from the time that the grounds alleged in the petitions were known *or should have been known* to the petitioner. This rule is applicable albeit the prior offenses may not have adversely affected petitioner until they were employed to brand him as a persistent offender when he was charged and convicted of rape. In the appeal from his rape conviction in *State v. Ogle*, 668 S.W.2d 138, petitioner did not raise the issue as to the invalidity of any of the three convictions here attacked. He could and should have then raised the issue of his being a persistent offender in that rape appeal. *Arnold v. State*, 552 S.W.2d 286, 292–93 (Mo.App.1977); *Montgomery v. State*, 529 S.W.2d 8, 9 (Mo.App.1975). Specifically in regard to the *Second Petition*, the fact that petitioner was denied a right to appeal, if it be a fact, does not present an error of the most fundamental character, as needed in coram nobis, when the petitioner does not set forth a ground for reversal of the earlier conviction. *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir.1971).

The writ of error is not a matter of right nor mere routine. The court nisi has discretion to grant or deny it. Petitioner's petitions herein do not present instances where the circumstances are so compelling that such action is necessary to "achieve justice", nor is any error claimed of such a

---

1. Contrary to this reference to a jury conviction, in the third petition, *infra*, petitioner refers to

the conviction for receiving stolen property as following a "judges [sic] trial."

fundamental character as to command relief. *Id.*

The judgments are affirmed.

All concur.