**Willie JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 52278.

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Debbie L. Doak, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion to vacate judgment and sentence, after an evidentiary hearing. Movant pled guilty to forcible rape, § 566.-030, RSMo 1986, first degree assault, § 565.050, RSMo 1986, and kidnapping, § 565.110, RSMo 1986, for which he was sentenced to two life sentences and a term of fifteen years' imprisonment, the sentences to be served concurrently. As part of the plea, three counts of armed criminal action, § 571.015, RSMo 1986, were *nolle prosequi* by the state. We affirm.

Movant seeks to vacate his sentence on three grounds; two claims of ineffective assistance of trial counsel, and a claim of improper trial court venue. He asserts trial counsel was ineffective in not insuring that movant was informed of his right against self-incrimination prior to entering his guilty pleas, and in not seeking a change of venue.

According to the guilty plea transcript, the trial judge failed to advise movant of his right not to be compelled to incriminate himself in accordance with Rule 24.02(b)3. Movant testified at the Rule 27.-26 hearing that trial counsel also did not inform him of his right not to take the stand. Movant's mother testified that while she did not remember, she did not

think counsel discussed movant's right not to take the stand with them. Movant's trial counsel, however, testified he informed movant both of his right not to testify and of the ramifications of such an act. The Rule 27.26 trial court is in the best position to judge the credibility of the witnesses. *Black v. State*, 723 S.W.2d 474, 475 [1] (Mo.App.1986). The court believed movant's trial counsel and found "Movant was informed by his trial counsel of his right not to testify and its ramifications." Since movant was advised of his self-incrimination rights by his trial counsel, the failure of the trial court to inform him of this right at the plea hearing was not ineffective assistance of counsel. *Bird v. State*, 684 S.W.2d 499, 500 [3] (Mo.App. 1984); *Pointer v. State*, 641 S.W.2d 448, 450 [2] (Mo.App.1982).

■ Movant asserts the St. Louis County Circuit Court did not have venue over the assault charge. According to the facts given at the plea hearing, movant, while acting with another, raped and confined victim in St. Louis County and then shot her in St. Louis City. All three crimes were charged together in St. Louis County Circuit Court. Although the assault itself occurred in the city, venue is proper in any county where any element of the crime occurred. § 541.033(2), RSMo 1986. The gun used to shot victim was also used in the rape and kidnapping in St. Louis County. The inferences which can be drawn from the evidence presented at the plea hearing support the conclusion that venue was proper in St. Louis County. *State v. Rollie*, 585 S.W.2d 78, 84 [4] (Mo.App.1979).

Movant has not shown that venue was improper. He has also failed to show wherein and why he was prejudiced by the alleged failure of his trial counsel to discuss with him the possibility of changing venue for the assault charge. *Byrd v. State*, 723 S.W.2d 37, 38 [2] (Mo.App.1986).

■ When, in a Rule 27.26 motion, movant alleges ineffective assistance of counsel in the entering of a guilty plea we only examine the plea to see if it was voluntarily and intelligently made. *Sanders v. State*, 716 S.W.2d 844, 845 [1] (Mo.App.1986).

Movant has failed to show his plea was not voluntarily and intelligently made.

Judgment affirmed.

SATZ, C.J., and KELLY, J., concur.