**STATE of Missouri, Plaintiff/Respondent,**

v.

**Rory PURNELL, Defendant/Appellant.**

**STATE of Missouri, Defendant/Respondent,**

v.

**Rory PURNELL, Plaintiff/Appellant.**

**Nos. 53987, 56033.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 28, 1989.

Dorothy Mae Hirzy, Sp. Public Defender, St. Louis, Cathy R. Kelly, Public Defender, St. Louis, for Rory Purnell.

William L. Webster, Atty. Gen., William J. Swift, Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for the State.

SATZ, Judge.

Defendant was convicted by a jury of two counts of felonious restraint, § 565.120 RSMo 1986, and two counts of armed criminal action, § 571.015, RSMo 1986. He was sentenced to two consecutive terms of three years imprisonment on the felonious restraint counts, and two consecutive terms of six months imprisonment on the armed criminal action counts, the latter to run concurrently with the former. Defendant filed a motion for post conviction relief under Rule 29.15 which was denied without a hearing. Defendant appeals directly from the sentences imposed against him and from the denial of the post conviction motion. We affirm.

### Denial of Defendant's Rule 29.15 Motion

Defendant was represented at trial by an assistant special public defender, Mr. Kessler. Mr. Kessler failed to file a motion for a new trial on behalf of defendant within the proper time. At sentencing Ms. Hirzy, appeared on behalf of defendant, rather than his trial counsel, Mr. Kessler. Although Ms. Hirzy did not enter her formal appearance on behalf of defendant, she, apparently, was then the Director of the Special Public Defender's Office. Ms. Hirzy told the court that, because a timely motion for a new trial had not been filed, defendant knew any appeal would be only for plain error and he also knew counsel would be willing to appeal on that ground. This process, Ms. Hirzy said, was agreeable to defendant. When defendant was asked by the court whether Ms. Hirzy's statement was correct, defendant answered: Yes. The court then imposed sentence on defendant.

Subsequently, defendant filed a pro se Motion to Vacate Sentence pursuant to Rule 29.15. In his motion, defendant alleged his trial counsel was ineffective for failing to file a timely motion for a new trial. An attorney, Mr. Ferman, was appointed to represent defendant on this motion. Mr. Ferman, did not amend defendant's pro se motion.

Defendant's unamended Rule 29.15 motion was denied without a hearing. The motion court found that movant's claim of ineffective assistance of trial counsel because no motion for a new trial was filed and because he was abandoned at sentencing was refuted by the record. The court found that Ms. Hirzy represented defendant at sentencing and also found that, at sentencing, defendant "waived any complaint regarding the failure" of his trial counsel to file a timely motion for a new trial.

On appeal, defendant's present counsel contends the record was insufficient to show defendant waived his right to process his post conviction motion under Rule 29.15. The state does not address this issue and, thus, tacitly agrees no waiver occurred. The record may be insufficient to show defendant waived his rights to a Rule 29.15 motion. However, even if defendant did not waive his rights, he still does not prevail on appeal.

■ Defendant is not automatically entitled to have his sentences vacated because his trial counsel failed to file a motion for a new trial. Defendant is required to plead and prove this failure prejudiced him. *E.g. Rodgers v. State*, 610 S.W.2d 25, 29 (Mo. App.1980). Defendant's pro se motion only alleges his trial counsel failed to file a motion for a new trial. No allegation is made showing why this failure prejudiced defendant. Admittedly, defendant's motion counsel did not amend defendant's pro se motion, but we presume defendant's motion counsel acted properly rather than improperly; and, thus, unless shown otherwise, we presume defendant's counsel read the record and found no prejudice had occurred from trial counsel's failure to file a motion for a new trial.

More important, defendant's present counsel on appeal makes only two assertions of error in defendant's direct appeal. We address these points as if they had been raised properly in a motion for a new trial. Arguably, if these assertions raised questions about the trial court's exercise of its discretionary power, then the trial court must be given the opportunity to determine, in the first instance, the propriety of its exercise of its discretion. However, the assertions raise legal issues which can be resolved as a matter of law against defendant. Thus, no prejudice has been shown resulting from trial counsel's failure to file a motion for a new trial.

### Direct Appeal

Defendant makes no challenge to the sufficiency of the evidence. Defendant and Richard Brandy accosted Mark Smith and Angelique Shegog outside Ms. Shegog's Rock Hill apartment. Both had guns. Defendant ordered Mr. Smith and Ms. Shegog back into Ms. Shegog's apartment.

Inside, defendant ordered the victims to lie down. Brandy searched the apartment, and took an envelope from Ms. Shegog. The envelope contained Ms. Shegog's school I.D. card, her Cashex card, a money order, $275 in cash and a check stub. Defendant then got some nylon stockings out of a closet and began to tie up Ms. Shegog. In so doing, defendant set his gun on the floor between the victims. Mr. Smith moved to get the gun. Defendant tried to stop Mr. Smith. They wrestled for the gun, and, in the process, the gun discharged several times, hitting Brandy in the back and defendant in the neck.

After the gun emptied, Mr. Smith ran from the apartment to call the police. Defendant, a cab driver, took Brandy out to the cab he was then driving. As defendant put Brandy into the cab, Ms. Shegog demanded the return of her money. Defendant promised to return the money. Defendant then drove off.

Defendant drove to Regional Medical Center and dropped off Brandy, telling a doctor at the hospital that Brandy was someone who had flagged him down. Defendant then radioed to the cab dispatcher that he had been shot during a robbery and that he needed help at Kingshighway and Page. The police officer who responded to the call took defendant into custody as a suspect in the Rock Hill shooting. The cab was impounded and Ms. Shegog's envelope was found under the seat of the cab.

Defendant contends that the trial court erred in failing to strike sua sponte a venire member who, during voir dire, expressed doubts about being able to be impartial. The record reflects that the following exchange took place after voir dire was completed:

[Defense Counsel]: So who do we have as far as being struck for cause. Only—

The Court: Only No. 3.

[Prosecutor]: Ms. McCloud. How about the lady from the third row on the right? I don't remember her name.

[Defense Counsel]: Ms. Steward. If we only have her struck, then I don't think we'll reach Ms. Steward.

The Court: You'll reach her—

[Defense Counsel]: Oh, she will be the third potential alternate; is that correct?

The Court: Yes.

[Prosecutor]: Well, it seemed to me she said she would try and—having not been in there, she doesn't know what she would do, but she felt—which I think anybody would say, but she did not unequivocally say she could not be fair and impartial nor follow the instructions. So I would not ask for an objection—I mean I'm not making an objection.

[Defense Counsel]: Okay. Then I don't have any record on that.

It is apparent that defendant's trial counsel made a conscious choice not to challenge the juror. However, defendant does not attack that choice here. Instead, defendant contends that the trial court should have struck the juror sua sponte. We disagree.

Trial courts have no duty to strike a juror sua sponte and the failure to do so

is not per se reversible error. *See e.g. Presley v. State,* 750 S.W.2d 602, 608 (Mo. App.1988), and cases cited therein. This rule applies with special force where, as here, defendant expressly decides not to make a motion to remove for cause. It is not the duty of the trial court to try a party's case.

■ Moreover, even if defendant's counsel had requested the trial court to strike Ms. Steward for cause and the request was denied, defendant would still not prevail. As the transcript shows, Ms. Steward was a potential alternate. The record does show that defendant struck Steward. The record also shows, however, that the alternate who did serve, Lee Thomas, was discharged by the court before the jury retired to deliberate. Under these circumstances, if there was any error, it was harmless. *State v. White,* 706 S.W.2d 280, 282 (Mo.App.1986).

■ Defendant also contends the trial court erred in admitting testimony that constituted hearsay. Defendant's trial counsel did not object to this testimony. His failure to do so is understandable. The objected to testimony is not hearsay.

After defendant rested his case, the state offered rebuttal testimony from Julie Eisel, receptionist for Ms. Shegog at the time of the incident. During Ms. Eisel's direct testimony, the following exchange took place:

Q. Did you ever have occasion to talk to [defendant] on the telephone?

A. Yes.

Q. And in what capacity was that?

A. He would call for Angie and I was a receptionist. I would transfer the calls back.

Q. And during that period was he calling—during what time period, time frame was he calling?

．　　．　　．　　．　　．

A. He would call in the afternoons to talk to her, different times during the day.

Q. And what did you tell him?

A. Normally, I would put the calls straight through. During—at one point though, Angie did instruct me—

[Defense Counsel]: I object, Your Honor.

The Court: Sustained.

[Prosecutor]: Excuse me.

The Court: You're not permitted to say what somebody else told you.

The Witness: Okay.

Q. [By Prosecutor] At some point, did you tell him something when he would call?

A. Yes. I told him that Angie was not available for him to talk to her.

Q. And when did that begin?

A. That was December, I believe. Yeah, I believe it was December.

Q. And did you then stop putting the calls through to her?

A. Yes.

Defendant contends that, by eliciting the testimony about Ms. Eisel's conduct, the state was attempting to show the jury, by inference, what Ms. Shegog told her receptionist. Since what Ms. Shegog told her receptionist was hearsay, defendant contends, evidence showing by inference what Ms. Shegog said is also hearsay. Defendant relies on *State v. Chernick,* 278 S.W.2d 741 (Mo.1955).

Defendant's premise that Ms. Shegog's instructions to her receptionist are hearsay is incorrect. Hearsay evidence is in court testimony of a statement made out of court and the statement is offered as an assertion of the truth of the matters asserted. *State v. Walker,* 755 S.W.2d 404, 406 (Mo. App.1988). The statement's value, thus, rests upon the credibility of the out-of court declarant. *Id.*

In this case, the out of court statement consisted of an order not to put defendant's calls through. This imperative statement was not offered for its truth. It makes no sense to ask whether the command was true or false. Since the statement is not hearsay, any facts tending to show an inference that the statement was made cannot be hearsay.

The errors defendant contends he would have raised in his motion for a new trial are meritless under the standard of review that would apply if the motion had been

filed. Thus, no prejudice was worked against defendant by the failure to file a motion for a new trial.

Judgment affirmed.

SMITH, P.J., and CARL M. GAERTNER, J., concur.