**Cecil George OGLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17091.**

Missouri Court of Appeals,
Southern District,
Division One.

April 19, 1991.

Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Cecil George Ogle ("movant") appeals from a judgment denying his motion under former Rule 27.26 [1] to vacate his conviction of rape by forcible compulsion, § 566.030.1(1), RSMo 1978, and 20–year prison sentence. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Ogle*, 668 S.W.2d 138 (Mo. App.1984), *cert. denied*, 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 91 (1984). The evidence in the rape trial, which we need not set forth here, is synopsized in that opinion.[2]

In denying post-conviction relief the circuit court, henceforth referred to as "the motion court," conducted an evidentiary hearing on movant's multitudinous allegations and, with praiseworthy thoroughness, entered meticulous findings of fact and conclusions of law.

In this appeal movant presents one point relied on; it avers the motion court erred in rejecting movant's claim that he received ineffective assistance of counsel at the jury trial. Movant maintains his lawyer ("defense counsel") failed to challenge two biased veniremen, Schenk and Stephens, "either for cause or peremptorily." Movant refers us to the following dialogue during voir dire:

> "[Defense counsel]: ... Is there anyone here who has been a victim or thinks they might have been a victim of a violent crime once in their life?

---

1. Rule 27.26, Missouri Rules of Criminal Procedure (18th ed.1987), was repealed effective January 1, 1988, by order of the Supreme Court of Missouri. 721–722 S.W.2d Missouri Cases, p. XXV. The instant proceeding for post-conviction relief continues to be governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was then pending. Rule 29.-15(m), Missouri Rules of Criminal Procedure (1991).

2. The evidence is also summarized in *State v. Ogle*, 627 S.W.2d 73 (Mo.App.1981), an earlier appeal that resulted in reversal and remand because of instructional error. The conviction on retrial spawned three coram nobis proceedings, consolidated on appeal in *Ogle v. State*, 721 S.W.2d 232 (Mo.App.1986).

(No response.)

[Defense counsel]: I don't see any hands. How about someone, maybe, in your family or a good friend or a close neighbor? Anyone have a situation like that with someone like that who you thought pretty well either was a victim of a violent crime or thought they might have been?

(Juror raises hand.)

[Defense counsel]: Mr. Schenk?

Juror Schenk: Same thing happened to my sister.

[Defense counsel]: When you say, 'the same thing—'

Juror Schenk: Well, from what is—

[Defense counsel]: Your sister, there was a rape case involving your sister?

Juror Schenk: Right.

[Defense counsel]: Do you think that that might make you uncomfortable to sit in judgment in this case?

Juror Schenk: Boy, I don't know. Its my wife's sister. Its hard to say. I really don't know.

[Defense counsel]: How long ago did that happen?

Juror Schenk: Seems like it was in May, two years ago, be '80.

[Defense counsel]: Do you have any doubt that you can set that out of your mind when it comes to deciding the evidence in this case?

Juror Schenk: Probably would.

[Defense counsel]: Probably. Anyone else?

(No response.)

[Defense counsel]: Is there anybody that's ever been a witness in a criminal case? Were you a witness in that case?

Juror Schenk: No.

. . . .

[Defense counsel]: . . . Mr. Stephens, you have been on a jury, . . . is that right?

Juror Stephens: Yes, civil case.

[Defense counsel]: . . . I will direct the question . . . to you, Mr. Stephens. You have heard the Court's instructions about reasonable doubt and [the prosecutor] went into it at some length. Do you understand that if you are selected to sit on this jury that you will be applying a different standard in this case than you did in your civil case; do you understand that?

. . . .

Mr. Stephens: Yes, sir.

[Defense counsel]: And that unlike in the civil case where you were required only to believe something, in this case you will be required to believe it beyond a reasonable doubt, do you understand that?

. . . .

Juror Stephens: Yes, sir.

[Defense counsel]: And so that if there is a reasonable doubt in your mind as to defendant's guilt, you must find him not guilty?

. . . .

Juror Stephens: Yes, sir.

[Defense counsel]: Even if you believe he is guilty? . . . Did that make you—

Juror Stephens: Well, it makes you wonder, you know, kind of hesitant, I guess.

[Defense counsel]: That's understandable because I think the thing is that most people in their everyday decisions don't apply any standard of deciding everyone of their everyday decisions beyond a reasonable doubt. Cloudy day outside-or it was earlier-and if you had to decide whether you were going to go on a picnic beyond a reasonable doubt, pretty hard to decide if you were going to go or not. Is there anybody who thinks they might have a problem if they have got a reasonable doubt in their minds, returning a verdict of not guilty?

Juror Stephens: Yes, (Nods.)

[Defense counsel]: Mr. Stephens, you nodded your head.

Juror Stephens: To be honest, I don't know how I would feel, really. I mean, just to be honest with you.

[Defense counsel]: I don't mean to put you on the spot and I appreciate your honesty. Anybody else who might have a problem with that? This is the time that both the State and the defendant need to think about that.

Juror Stephens: This particular case, I would have my doubts, to be honest with you."

After counsel completed voir dire the trial court addressed venireman Stephens:

"The Court: Mr. Stephens, let me ask you a question. Do you feel-think-you indicated you had some doubts during [defense counsel's] questioning. Do you feel that you can follow the Court's instructions I am going to give to you?

Juror Stephens: Yes.

The Court: Do you feel you can render a verdict in this case based upon the evidence that you hear?

Juror Stephens: Yes."

Defense counsel challenged five members of the venire for cause, but not Schenk or Stephens. The trial court granted two of the challenges, and a third became effective when the trial court excused the challenged member because she was unneeded in assembling a panel of 24. Neither side used a peremptory challenge against Schenk or Stephens, and they were members of the jury that convicted movant.

In the motion court movant testified he had no reason to want Schenk and Stephens on the jury and had no discussion with defense counsel about reasons for keeping them on the jury.

Defense counsel, called as a witness by the State in the motion court, testified he had no specific memory of the voir dire regarding the individuals he wanted stricken for cause or did not want stricken for cause.[3]

The motion court's findings included this: "[M]ovant alleges ineffective assistance of counsel as to the jury selection process. Specifically, movant maintains that his counsel was ineffective for failing to exercise challenges for cause and peremptory challenges as to various jurors. A review of the voir dire transcript reveals no evidence that the jurors were anything other than impartial. Moreover, there was no evidence that the currently challenged venire persons could

not set aside their supposed biases and listen impartially to the evidence and follow the court's instructions. As such, there was no basis to justify a challenge for cause.

Moreover, jury selection is a matter peculiarly within the providence of trial strategy. See *Malady v. State*, 748 S.W.2d 69 (Mo.App., S.D.1988). In fact, the movant was required to 'overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"'. *Id.* at 71. No evidence was presented as to the reasons for the use of specific peremptory challengers [sic]. [Defense] counsel's use of his peremptory challenges was reasonable. Just because movant lists venire persons he wishes his counsel had struck, it does not mean that [defense] counsel acted unreasonably in using the strikes he actually used. Under the circumstances, movant has not met his burden of proof that [defense] counsel was ineffective."

■ Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984).

■ To prevail on a claim of ineffective assistance of counsel, a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The prisoner must satisfy both requirements; if he fails to satisfy one, the court need not consider the other. *Id.*

■ We first consider defense counsel's failure to challenge venireman Schenk for cause or peremptorily strike him.

After disclosing his sister-in-law was a victim of rape two years before movant's trial, venireman Schenk was asked whether that might make him "uncomfortable to sit

---

**3.** The trial occurred May 17–18, 1982. The motion court hearing occurred February 21, 1989.

in judgment in this case." He replied: "It[']s hard to say. I really don't know." Defense counsel then asked Schenk whether he could disregard that incident in "deciding the evidence in this case." Schenk answered, "Probably would."

In *State v. Pride,* 567 S.W.2d 426, 433[14] (Mo.App.1978), the court stated: "As much as judges and lawyers might desire it, people generally do not speak in absolutes, probably because they realize that few things are ever absolute." In *Pride* a venireman revealed three black men frightened his wife a few weeks before he was called for jury service. The venireman was asked whether that would affect him in sitting as a juror where the accused, a black man, was charged with robbery and felonious assault. The venireman responded, "I don't really think so but I thought I would mention it." The trial court denied the accused's challenge of the venireman for cause. Upholding the ruling, the appellate court held the venireman's answer was common vernacular to express a negative and was not equivocation. *Id.*

In *State v. Mercer,* 618 S.W.2d 1 (Mo. banc 1981), *cert. denied,* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981), a venireman was asked whether he could consider death as a possible punishment. He replied, "I don't think so." Asked whether he could assess a death sentence under any circumstances, he gave the identical answer. Upholding the State's challenge of the venireman for cause, the Supreme Court of Missouri held the responses were not equivocal in context, but were common vernacular to express a negative. 618 S.W.2d at 7[1].

In another murder case, *State v. Johns,* 679 S.W.2d 253 (Mo. banc 1984), *cert. de-*

nied, 470 U.S. 1034, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985), the daughter of a member of the venire knew the victim. The venire member was asked whether this would enter her mind if she were on the jury. She conceded it would. Upholding the trial court's denial of the accused's challenge for cause, the Supreme Court of Missouri held the question whether the experience could be put out of the member's mind was not determinative of her qualifications; the question properly was whether that experience would produce bias or prejudice against the accused. 679 S.W.2d at 263–64[20].

Venireman Schenk did not say the incident involving his sister-in-law would prejudice him against movant. On the contrary, Schenk declared he "[p]robably would" be able to set that incident out of his mind in deciding movant's case. Schenk's uncertainty as to whether the incident might make him "uncomfortable" in serving as a juror in movant's case does not imply he would be biased against movant or incapable of deciding movant's case solely on the evidence.

The motion court reviewed the transcript of the voir dire and, as noted earlier, found no evidence the jurors who tried movant "were anything other than impartial." Applying *Pride, Mercer* and *Johns,* we cannot say that finding is clearly erroneous as to venireman Schenk.[4] That being so, movant could have suffered no prejudice from defense counsel's failure to challenge Schenk for cause or strike him peremptorily. Absent prejudice, movant is entitled to no relief. *Sanders,* 738 S.W.2d at 857.

As to venireman Stephens, movant asserts a reasonably competent lawyer should have challenged him for cause.

---

**4.** In *Grubbs v. State,* 760 S.W.2d 115 (Mo. banc 1988), *cert. denied,* 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989), a proceeding under Rule 27.26, the prisoner complained his lawyer was ineffective for failing to challenge a venireman for cause. The prisoner maintained the venireman stated a bias for the death penalty. The circuit court, relying solely on the transcript of the voir dire, found there was no indication the venireman was unable to follow the instructions of the trial judge or unable to

consider penalties other than the death sentence if the prisoner was convicted of capital murder. 760 S.W.2d at 120. On appeal from the denial of post-conviction relief, the Supreme Court of Missouri held the circuit court's finding was not shown to be clearly erroneous. *Id.* at 120[9]. This holding implies the "clearly erroneous" standard of appellate review applies even where a circuit court's finding is based exclusively on a trial transcript.

Movant likens Stephens' responses to those of a venireman in *State v. Lovell*, 506 S.W.2d 441 (Mo. banc 1974). There the venireman said he believed the hands of police officers were tied, he might feel an accused should have a greater burden in his own defense than that imposed by the standard of reasonable doubt, he might have trouble adhering to that standard, he would try to judge properly but might be affected by his feelings, and they might remain in the back of his mind if he sat on the case. *Id.* at 444[4]. The trial court denied the accused's challenge of the venireman for cause. On appeal the Supreme Court of Missouri held the total examination showed doubt whether the venireman could have accorded the accused a fair and impartial trial, hence denial of the challenge was reversible error. *Id.* Three judges dissented. *Id.* at 446.

Venireman Stephens acknowledged he understood that if there was a reasonable doubt in his mind as to movant's guilt, he (Stephens) must find movant not guilty. Defense counsel then stated an acquittal was required "[e]ven if you believe he is guilty." Stephens replied, "Well, it makes you wonder, you know, kind of hesitant, I guess."

Stephens continued to vacillate when defense counsel asked whether anyone thought he might have a problem returning a verdict of not guilty if he had a reasonable doubt in his mind. Stephens answered: "To be honest, I don't know how I would feel, really. I mean, just to be honest with you." When defense counsel persisted, Stephens added, "This particular case, I would have my doubts, to be honest with you."

However, after counsel completed voir dire the trial court asked Stephens whether he felt he could follow the court's instructions. Stephens answered, "Yes," without equivocation. The record confirms one of the instructions given the venire *prior to* voir dire was MAI–CR 2.20. It read:

"The fact that the defendant has been charged with an offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

If the evidence in this case leaves in your mind a reasonable doubt as to the defendant's guilt you must return a verdict of 'Not Guilty'."

As the venire had received this instruction before Stephens answered the trial court's question, Stephens' affirmative response indicates he believed he could follow it.

▌ Where a venireman's answer to a question suggests a possibility of bias, and upon further questioning the venireman gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify the venireman or deprive the trial judge of discretion to seat him. *State v. Walton*, 796 S.W.2d 374, 377[6] (Mo. banc 1990). For disqualification, it must clearly appear from the evidence that the challenged venireman was in fact prejudiced. *Id.*

Movant asserts a challenge for cause against venireman Stephens would have been granted; consequently, he was prejudiced by defense counsel's failure to make one.

▌ We are unconvinced the trial court would have granted a challenge for cause against Stephens. A trial court has wide discretion in determining the qualifications of members of the venire. *Walton*, 796 S.W.2d at 377[7]. Even in those cases where a venireman clearly expresses reservations about his impartiality because of the nature of the charge, subsequent answers indicating the venireman can put aside personal feelings and follow the law are sufficient to demonstrate the trial court has not abused its discretion in denying a challenge of the venireman for cause. *State v. Moffitt*, 754 S.W.2d 584, 586[1] (Mo.App.1988).

■ Here the trial court was evidently concerned about venireman Stephens' answers to defense counsel's questions, as the trial court independently examined Stephens after the parties completed voir dire. Responding to the trial court's inquiries, Stephens unequivocally stated he could follow the court's instructions and render a verdict based upon the evidence. Qualifications of a venireman are not conclusively determined by an initial response to a question; that determination is to be made based on the entire examination. *State v. Bebermeyer*, 743 S.W.2d 516, 519[3] (Mo. App.1987).

Movant had the burden of establishing his asserted grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Babcock v. State*, 485 S.W.2d 85, 89[5] (Mo. 1972); *Rowan v. State*, 779 S.W.2d 657, 658[2] (Mo.App.1989).

The motion court, as we have seen, found "there was no basis to justify a challenge for cause." This can be understood as meaning either (1) a reasonably competent lawyer would have perceived no basis for challenging venireman Stephens for cause, hence defense counsel cannot be convicted of ineffective assistance for failing to do so, or (2) there was no basis upon which a lawyer challenging Stephens for cause could have justified the challenge to the trial court, hence such a challenge would have been unsuccessful. Considering the context in which the finding appears, we conclude it means the latter.

Given the rehabilitation of venireman Stephens upon questioning by the trial court, we cannot say a challenge for cause against him would have been granted or that the trial court would have erred in denying such a challenge had it been made. Consequently, we cannot brand the motion court's finding clearly erroneous. That being so, movant has failed to establish he was prejudiced by defense counsel's failure to challenge Stephens for cause.

As to movant's complaint that defense counsel rendered ineffective assistance in failing to use a peremptory challenge against Stephens, we observe that nowhere in movant's testimony in the motion court did he say he asked defense counsel to strike Stephens peremptorily.

As reported earlier, defense counsel challenged five members of the venire for cause. Three of the challenged members were removed. The other two did not end up on the jury, inferably because defense counsel used two of movant's peremptory challenges to remove them.[5]

■ Movant's testimony that he had no reason to want Stephens on the jury and said nothing to defense counsel about keeping Stephens on the jury does not demonstrate defense counsel (1) rendered ineffective assistance in failing to use a peremptory challenge against Stephens, or (2) wasted a peremptory challenge on a venireman who would have been a more desirable juror for movant than Stephens. Movant did not identify any venireman peremptorily challenged by defense counsel whom movant wanted on the jury.

Movant's complaints about Stephens (and Schenk) were raised for the first time in movant's third amended motion under Rule 27.26, filed the day of the motion court hearing (almost seven years after trial). The motion court held movant's assertion that he had no reason to want Stephens on the jury did not demonstrate defense counsel acted unreasonably in using the peremptory challenges as he did.

Movant was present during voir dire, and nowhere in his motion court testimony did he say he was oblivious of Schenk's or Stephens' responses. Neither movant nor defense counsel testified movant expressed concern about either venireman to defense counsel. This is not a case where an accused's lawyer ignored his client's expressed wishes or acted contrary to them.

*Presley v. State*, 750 S.W.2d 602 (Mo. App.1988), *cert. denied*, 488 U.S. 975, 109 S.Ct. 514, 102 L.Ed.2d 549 (1988), cited by movant, is factually unlike the instant case.

---

**5.** Movant was allowed six peremptory challenges. § 546.180.1(2), Laws of Missouri 1979, H.C.S.S.S.S.B. 19, pp. 627–28. The record supplied us does not contain the jury list, § 546.180.3, consequently we are unable to identify the veniremen peremptorily challenged by defense counsel.

There the circuit court *granted* post-conviction relief in a 27.26 proceeding because the accused's lawyer failed to challenge a biased venireman for cause. The circuit court found the accused's lawyer mistakenly attributed the venireman's expression of bias to another venireman. 750 S.W.2d at 605. The lawyer unsuccessfully challenged the latter venireman for cause, but neglected to challenge the biased venireman for cause. The circuit court further found the trial judge would have granted a challenge for cause against the biased venireman. *Id.* Applying the standard of review established by Rule 27.26(j), this Court held the circuit court's findings were not clearly erroneous and affirmed the judgment vacating the conviction.

No such error by defense counsel is shown in the instant case. Nothing in the record suggests defense counsel mistakenly attributed anything Stephens said to another member of the venire.

Furthermore, as observed by Maus, J., dissenting in *Presley*, an accused with knowledge of a venireman's bias should not be allowed to "sandbag" the finality of a trial by first voicing an objection after a verdict of guilty. 750 S.W.2d at 614. To permit that would mean no one would make a jury challenge until after he was convicted. *Id.*

If movant had been as concerned about Stephens at trial as he professed to be in the motion court, nothing would have prevented movant from expressing his concern to defense counsel. The record is bare of any indication movant did so, and movant makes no contention defense counsel's use of the peremptory challenges was contrary to movant's wishes or directions.

We hold the motion court's finding that movant failed to establish defense counsel rendered ineffective assistance in the use of the peremptory challenges is not clearly erroneous. The judgment of the motion court is affirmed.

MAUS, P.J., and PREWITT, J., concur.