**STATE of Missouri, Respondent,**

v.

**Douglas Roger SALKIL, Appellant.**

**STATE of Missouri, Respondent,**

v.

**Douglas Roger SALKIL, Appellant.**

Nos. 17880, 17892.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 9, 1992.

**368**

Kathleen H. Brown, Asst. Public Defender, Nevada, for appellant.

1. Statutory references are to RSMo 1986.

J. Lee Guthrie, Asst. Pros. Atty., Nevada, for respondent.

MONTGOMERY, Judge.

Douglas Roger Salkil (Defendant) was convicted by a jury of two misdemeanor offenses arising out of the same set of circumstances. He was sentenced to six months in jail for driving while intoxicated in violation of § 577.010,[1] and fifteen days in jail with a fine of $100 for driving while license revoked in violation of § 302.321.

Defendant appeals separately from each conviction, and the appeals have been consolidated. We reserve comment on the necessity (or lack thereof) of separate appeals under these circumstances.

In each appeal three identical points are presented for review. Therefore, the same discussion applies to both appeals. The first two points claim the trial court committed plain error by failure to strike a venireperson who had a family member previously convicted of DWI. The last point makes the same claim of error regarding a venireperson whose daughter was a member of Students Against Drunk Driving (SADD). We find none of the points with merit.

Briefly, the facts favorable to the verdict reveal the following: On April 12, 1990, Deputy Sheriff Spratt came upon an automobile sitting sideways on an unnamed county road near Nevada, Missouri. A young boy came up to the deputy and described how the automobile had traveled in and out of a ditch before halting in its present position. The deputy found Defendant slumped over the steering wheel with the ignition switch on but the engine was not running. The deputy could obtain no response from Defendant except mumbling. Beer cans were observed in Defendant's car.

Defendant was taken to Nevada City Hospital where a blood sample was taken which later revealed Defendant's blood alcohol content was in excess of .30 of one percent. Section 577.037 provides that .10 of one percent by weight of alcohol in a

person's blood is prima facie evidence of intoxication.

Defendant's certified driving record was admitted into evidence. That record revealed Defendant's driver's license was revoked on September 3, 1989, for a one-year period.

Defendant was represented by paid counsel until approximately six weeks before his trial. The docket sheet reflects, "[Defendant] fires [his attorney] in open court and orally requests a jury trial." Thereafter, Defendant insisted on proceeding pro se although he is represented by counsel on this appeal.

Each of Defendant's points covers the same rather narrow issue and can be considered together. Defendant appears to claim the court, *sua sponte*, should have stricken three venirepersons after each testified as follows:

(a) Robert E. Lipscomb stated he had a sibling who had been convicted of driving while intoxicated;

(b) Donna L. Sullivan stated her husband had been convicted of driving while intoxicated;

(c) John T. Carlson stated his daughter was a member of SADD.

These responses came during voir dire after the prospective jurors were asked if anyone or any member of their family had been convicted of driving while intoxicated. After the above responses neither party nor the court asked further questions on this subject.

Defendant emphasizes that the court's plain error was exacerbated when the court sustained the State's challenge for cause to venireperson Phipps only on the ground that he had a conviction for "BAC."[2] Defendant reasons Phipps' answer showed a lack of any "bias, prejudice or inability to sit and fairly weigh the evidence." It follows, says Defendant, venirepersons Lipscomb, Sullivan and Carlson should have been excused because their testimony was much like Phipps'. If Phipps were a qualified juror, as Defendant believes, we fail to

understand how the three contested venirepersons were any less qualified than Phipps.

The record reveals no challenge was made by Defendant to any of the three venirepersons of whom he complains. On the other hand, Defendant fails to mention the court sustained his challenge for cause to venireperson Conty on the grounds she was a victim of two automobile collisions involving drunk drivers and to venireperson Shield because his sister was killed in a collision with a drunk driver. Obviously, removal of a venireperson was not a foreign science to Defendant.

Because the errors of which Defendant complains are not preserved for review, he "bears the burden of demonstrating that the action of the trial court was not only erroneous, but that the error so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected." *State v. Hornbuckle*, 769 S.W.2d 89, 93 (Mo. banc 1989). Therefore, plain error relief requires that defendant must "go beyond a mere showing of demonstrable prejudice to show manifest prejudice affecting his substantial rights." *Id.*

■ Juror challenges first made after conviction are highly suspect. As stated in *State v. Hadley*, 815 S.W.2d 422 (Mo.banc 1991):

> The rule requiring contemporaneous objections to the qualifications of jurors is well founded. It serves to minimize the incentive to sandbag in the hope of acquittal and, if unsuccessful, mount a post-conviction attack on the jury selection process.

*Id.* at 423.

■ Broad discretion is vested in the trial court's determination of the qualifications of a venireperson and "its finding will remain undisturbed absent a clear abuse of discretion and a real probability of injury to the complaining party." *State v. Burgess*, 800 S.W.2d 743, 746 (Mo.banc 1990). This

2. We assume the conviction was under § 577.012 for "driving with excessive blood alcohol content."

Court has said "the bare possibility of prejudice will not disqualify a venireperson or deprive the trial judge of discretion to seat him." *Ogle v. State,* 807 S.W.2d 538, 543 (Mo.App.1991). "For disqualification, it must clearly appear from the evidence that the challenged venireman was in fact prejudiced." *Id., citing State v. Walton,* 796 S.W.2d 374, 377 (Mo.banc 1990).

Here, no doubt the answers of the three contested venirepersons could indicate a bare possibility of prejudice. Yet, the record is totally devoid of any evidence they were in fact prejudiced since no additional or follow-up questions were asked. It is Defendant's burden "to probe into any area on *voir dire* which is considered to be grounds for disqualification." *Walton,* 796 S.W.2d at 379. Defendant made no effort to show the three venirepersons could not be fair and impartial towards him, considering a family member's "DWI" conviction and a daughter's membership in SADD.

"Trial courts have no duty to strike a juror sua sponte and the failure to do so is not per se reversible error." *State v. Purnell,* 792 S.W.2d 635, 637–38 (Mo.App. 1989). This rule applies with special force where a "defendant expressly decides not to make a motion to remove for cause. It is not the duty of the trial court to try a party's case." *Id.* at 638.

We believe Defendant here made a conscious choice not to challenge the three venirepersons. This conclusion is fortified by a record which shows Defendant's astute challenge of two other venirepersons with past experience involving drunk drivers. Being highly suspect of an attempt at "sandbagging," we find no fault with the trial court's determination to seat the three contested venirepersons.

We have carefully read both cases cited by Defendant, *State v. Lumsden,* 589 S.W.2d 226 (Mo.banc 1979), and *State v. Mudgett,* 531 S.W.2d 275 (Mo.banc 1975). Neither case even remotely bears on the argument Defendant advances here.

Where defendant's guilt is established by overwhelming evidence, no injustice or miscarriage of justice results from refusal to invoke the plain error rule. *State v. Bainter,* 608 S.W.2d 429, 431 (Mo. App.1980). Here, Defendant's guilt was clearly established by overwhelming evidence. We find no error, plain or otherwise, resulting from Lipscomb, Sullivan or Carlson serving on the jury.

The judgments in both appeals are affirmed.

FLANIGAN and MAUS, JJ., concur.